ASA T. BARRON *v.* HENRY F. PORTER.

*Assignment of Chose in Action. Notice of Assignment. Trustee Process. Agent.*

Notice to the debtor of the assignment of a demand must emanate from and be given by the procurement of the assignee in order to protect the demand from attachment by trustee process as the property of the assignor.

It is not essential to the validity of the notice that it should be personally given by the assignee, or his agent directly employed by him for that purpose. If given by the procurement of such agent, it is sufficient.

ASSUMPSIT. Plea, the general issue and notice. Trial by jury, at the December term, 1871, BARRETT, J., presiding. Verdict for the plaintiff.

This suit was brought on a note which one Fenno, of White River Village, in Hartford, held against Henry F. Porter, and which said Fenno had assigned to the plaintiff. Fenno also owed one Collins, of White River, and Collins brought a suit against Fenno, and trusteed Porter, and recovered judgment against him as trustee, and that judgment was paid by said Porter. This trustee judgment and payment formed the defence under the notice of the same above referred to.

The plaintiff claimed that notice of the assignment of the note to him from Fenno had been given to Porter before the service of

the trustee process on him in the Collins suit against Fenno. This the defendant denied ; and this question of " notice " was the only question in the case.

It appeared that the plaintiff directed one Tasker to go to Cornish, N. H., where the defendant was temporarily stopping at his brother's, Carlos Porter's house, and give him (the defendant) notice of the assignment of the Fenno note to him (the plaintiff), and also to notify him that he must pay the same to him and no one else. It further appeared that said Tasker did go to said Carlos Porter's house, before said Henry F. Porter was summoned as trustee of Fenno in the Collins suit.

The plaintiff introduced testimony tending to show that said Tasker went into the house of said Carlos Porter, and there learned that said Henry F. Porter was at the barn ; that he thereupon went to the barn, and personally gave the notice directly to the said Henry F., as directed by the plaintiff.

The defendant introduced testimony tending to show, on the direct examination, that Tasker went into the house, and found Carlos Porter, and told him that the note that the tinman at White River held against him had been assigned to Asa T. Barron, and Mr. Barron sent him to give him notice, and that he must pay it to no one but Barron. That thereupon Carlos Porter replied that no one had his note at White River, and if they had any note there against him, it was a forgery. That Tasker replied, " Your name is Carlos Porter, isn't it ? " and Carlos replying " Yes." Tasker rejoined, " Then you are the man." Said Tasker, as a witness for the plaintiff, denied all that the defendant's witnesses testified as to his saying that Carlos Porter was the man he came to notify.

The defendant also introduced testimony tending to show that Tasker had no conversation about any note or assignment with, or in the hearing of, the defendant.

It appeared that the said Fenno had been a druggist, and not a tinman. It also appeared that the conversation of said Tasker with Carlos Porter while in the house was related to the defendant immediately after Tasker left. And what was elicited on cross-examination of some of the defendant's witnesses, and of the defendant, as to what took place in Carlos Porter's house while

Tasker was there as above stated, and as to what was said to the defendant on going into the house from the barn, immediately after Tasker left as aforesaid, and evidence given on the part of the plaintiff, tended to show that the folks in the house, or some of them, understood to what note Tasker referred, in his talk with them, and that it was the note in suit; and that from what was told him (defendant) by them as to what had been said there, in the talk between them and Tasker, the defendant was informed and understood that Tasker went there as the agent of the plaintiff, for the purpose of giving the maker of the note in suit notice of its transfer to the plaintiff, and that Tasker supposed he had done so, and that the defendant also understood that such transfer had in fact been made, even though it were true that Tasker did not, in person, give direct notice to the defendant, by telling him that it had been transferred to the plaintiff.

The defendant admitted, on cross-examination, that he was on his way to White River Junction, to pay the plaintiff the amount due on the note, when, on calling at the office of the attorneys who had the demand of Collins against Fenno, for collection, for the purpose of ascertaining whether any copy of the process against him as trustee had been lodged in the town clerk's office, which was there kept, he consented to and did accept service of said writ of Collins against Fenno and himself, trustee.    Messrs. Pingree were such attorneys.

The plaintiff gave evidence tending to show that within a week after said Tasker went to give said notice, and some two weeks before said acceptance of service, the defendant stated that the plaintiff owned the note, and he had promised that he would pay it to him, or had got to pay it to him.   It did not appear that said Tasker directed any one to do any errand or message to Henry F. Porter.   It is not claimed by the plaintiff that the defendant was notified in any other way than by one of these, to wit: 1st, by actual personal notice from Tasker; 2d, by the statements made to him (the defendant) of the conversation between Tasker and those in the house, which were made soon after Tasker had departed.

The defendant asked the court to charge the jury as follows, to

wit : 1st, that the notice of the assignment of the note from Fenno to Barron must be shown to have been given to the defendant by Tasker personally, in order to entitle the plaintiff to recover, there being no claim that Barron directed any one else to give the notice ; 2d, that by such notice it must appear unequivocally that the note given to Fenno by the defendant was held by the plaintiff, in order to entitle the plaintiff to recover, and that this notice must be actual personal notice ; 3d, that any notice of such assignment coming from any one but Barron, or some person by his procurement, would not amount to notice in law ; 4th, that knowledge of such assignment on the part of the defendant, unless derived from Barron directly, or through some person procured by him to impart it, would not protect this note from attachment by the trustee process ; 5th, that the plaintiff, in order to entitle him to a verdict, must show that notice of the assignment of the note to him was given directly to the defendant, by the plaintiff, or by some person directed by him to give it, or having authority coming from him to give it ; and any notice from any person but the plaintiff, or his agent for that purpose, would not be such notice as would exempt the note from liability to attachment under the trustee process.

The court submitted the case to the jury, upon two leading propositions, viz : that if Tasker, by the procurement of Barron, (the plaintiff,) told the defendant that the note had been turned out to the plaintiff, by Fenno, and it must be paid to no one but himself, *that* was notice. If he did not so tell him, yet if by reason of what Tasker *said and did* when he went to give the notice, the defendant was informed and understood that Tasker was there to notify the maker of that note that Barron owned it, and he was thereby (by reason of what Tasker thus said and did) informed and understood that Fenno had transferred said note to Barron, and that Barron owned it, *that* would be notice. In connection with which, the jury were told that under either proposition the notice must have been put on foot by the plaintiff, and resulted from means used under his procurement, for the purpose of notifying the defendant, or it would not be such notice as is required by the statute, and that volunteer information of the

Barron v. Porter.

transfer, not given as the result of means put on foot by the holder of the transferred paper, for the purpose of giving the required notice, would not be effectual as notice.

Otherwise than as above set forth, the court did not comply with said requests of the defendant, to which, and to the charge as given, the defendant excepted.

*S. E. & S. M. Pingree*, for the defendant.

The 1st, 3d, 4th and 5th requests of the defendant are severally proper, and should have been substantially complied with. *J. & J. H. Peck & Co.* v. *Walton and Trs.*, 25 Vt., 33 ; *Webster* v. *Moranville and Tr.*, and *Cl'm't*, 30 Vt., 701.

*William E. Johnson*, for the plaintiff.

The charge contemplates and requires that the information and notice shall come from Barron, and shall be given Porter by Barron's agent, employed for that purpose. So far the charge is sustained by all the later decisions of the court in this State. *Peck & Co.* v. *Walton & Tr.*, 25 Vt., 35 & 36 ; *Webster* v. *Moranville & Tr.*, 30 Vt., 701; *Brickett & Dennison* v. *Nichols & Trs.*, 30 Vt., 743. It is enough if the party to whom the notice is given understands and is informed from the notice given, the fact that the note has been assigned. *Downer* v. *Marsh & Tr.*, 28 Vt., 558 ; *Seward* v. *Ewlin et al.*, 33 Vt., 584. The reason of requiring notice at all is, to prevent fraudulent transfers and transfers after the service of the trustee process. *Hyett* v. *Smith & Tr.*, 40 Vt., 532 ; *Hunt et al* v. *Miles & Tr.*, 42 Vt., 536.

The opinion of the court was delivered by

—, J. The defendant's counsel insist that their 1st, 3d, 4th and 5th requests ought to have been granted ; that the court charged to the contrary, and that in this there was error. It is settled by the decisions in this State, that the notice to the debtor of the assignment of a demand must emanate from and be given by the procurement of the assignee, in order to be effectual to protect the demand from attachment by trustree process as the property of the assignor. But it is not necessary to the validity of

Barron *v.* Porter.

the notice that the assignee should personally give the notice, or that the agent of the assignee for giving notice directly employed by him for that purpose should himself personally give the notice ; if given by his procurement, it is sufficient.   So far, therefore, as these requests require a charge that the notice must have been given by the plaintiff personally, or personally by Tasker, the person employed by the plaintiff to give it, they were properly refused, provided there was evidence in the case which would warrant the jury in finding legal notice otherwise ;  and so far as these requests require the court to charge that the notice must come from the plaintiff by means instituted by him for that purpose, they were complied with.   The question, then, arises upon the theory of the evidence that Tasker did not see the defendant, and upon what took place in the house while Tasker was there, and immediately after he left, when the defendant came in and was informed of what had transpired, whether that in connection with the other evidence bearing on the point was sufficient to justify the jury in finding legal notice, and whether it was submitted to the jury under proper instructions.   We think, notwithstanding the mistake under which Tasker upon this hypothesis of the facts acted, that what the jury must have found under the charge answers all the purposes for which notice in such cases is required, and that it is legal and sufficient notice. The requirement of notice is to prevent fraud, not to enable parties to perpetrate it.

    Judgment affirmed.