J. A. WOODWARD *vs.* JOHN LAPORTE and tr. and clt.

January Term, 1898.

Present: Ross, C. J., TAFT, TYLER, MUNSON, START and THOMPSON, JJ.

*V. S. 2251— V. S. 1306— Choses in Action not Mortgagable — Trustee Process—Notice of Transfer of Negotiable Paper.*

V. S. 2251, which provides that all personal property may be mortgaged, refers to material, movable things, not to choses in action.

V. S. 1306 provides that negotiable paper shall be subject to trustee process unless it has been negotiated and notice thereof given to the maker or indorser before he is served with trustee process, and this court has always required a strict compliance with its terms in respect of notice.

A promissory note cannot be mortgaged with the effect that a record thereof in the town clerk's office shall be notice to the maker that the note has been assigned; but the maker, if he have no actual notice of the mortgage, may still be charged as trustee of the payee.

TRUSTEE PROCESS. Heard on the report of a commissioner at the June Term, 1897, Caledonia County, *Rowell,*

*J.*, presiding. Judgment that the trustee is chargeable. The claimant excepted.

Hoffman, mentioned in the opinion, was the plaintiff's attorney in bringing the action, and, before its commencement, was shown the mortgage in question while examining the records in the town clerk's office under the employment of the plaintiff.

*Bates, May* and *Simonds* and *H. B. Howe* for the claimant.

*W. P. Stafford* for the plaintiff.

TYLER, J.   The trustee purchased certain property of the defendant for the agreed price of $600, for which he gave the defendant his promissory note and secured its payment by a chattel mortgage upon the property.   The mortgage was duly recorded June 6, 1895.   The trustee subsequently paid the defendant $100 and the accrued interest on the note, and the payment was indorsed thereon; the remainder of the note is still unpaid.   The defendant afterwards sold the note and mortgage to the claimant for $475 and indorsed and delivered them to him, and the claimant had paid him therefor before the service of the trustee process in this suit.   The defendant at the same time made and delivered to the claimant his promissory note for $350 and a chattel mortgage of the $600 note to secure the payment of the $350 note.   This mortgage was also duly recorded before service of process in this suit.   The trustee had no notice or knowledge of the dealings between the defendant and the claimant until after the service upon him of the trustee process, unless the record of the mortgage to the claimant was itself notice to him.

The main contention is whether the $600 note was mortgagable under V. S. 2251, which reads: "All personal property shall be subject to mortgage agreeably to the provisions of this chapter."

It is generally laid down that the term personal property embraces all objects and rights which are capable of

ownership, except freehold estates in land, and incorporeal hereditaments issuing thereout, or exercisable within the same; that the words are co-extensive with chattels. 18 Am. and Eng. Enc. 408; Schouler on Pers. Prop. 22, 51, makes the term "chattels personal" include every species of property lacking the two characteristics of real estate, namely, immobility as to place, and indeterminate duration as to time, and such as are not annexed to real estate. Chattels personal are, properly and strictly speaking, things movable, such as animals, household stuff, money, jewels, etc. Property in chattels personal may be either in possession, or in action, as where a man hath only a bare right, without any occupation or enjoyment—a right to receive or recover a debt, or money, or damages for breach of a contract, or for a tort connected with a contract, but which cannot be enforced without action. Two Bl. Com. ch. 24, 25. It was held in *Sherman, Admr.,* v. *Estate of Dodge,* 28 Vt. 26, that a conveyance of all the grantor's personal property "of every name or nature" operated upon choses in action.

It is stated in 5 Am. & Eng. Enc. 974, that as a general rule, in the absence of statutory provisions to the contrary, any personal property which is capable of being sold may be the subject of a mortgage, and *Kimball* v. *Sattley,* 55 Vt. 285, is cited as an authority for the proposition. In that case the language of Powell on Mort. 25, is quoted: "Everything which may be considered as property, whether, in the technical language of the law, denominated real or personal property, may be the subject of a mortgage." Jones on Chat. Mort. § 114, says that any property which is capable of absolute sale may be mortgaged, and instances a life insurance policy and shares of stock in a corporation. But in § 278 he states the law that : "Statutes respecting the recording of mortgages of personal property apply only to goods and chattels capable of delivery, and not to defeasible or conditional assignments of choses in

action.   It is not necessary to the validity of such assignments that they be recorded.   The capital stock of a corporation is not goods and chattels within the meaning of the act concerning chattel mortgages, and therefore a mortgage of such stock need not be filed or recorded.   A legacy is not a chattel, and therefore an assignment of it by way of mortgage need not be filed in accordance with a chattel mortgage act."   In this section he uses the language of Shaw, Ch. J., in *Marsh* v. *Woodbury & Tr.*, 1 Met. 436. In section 191, Mr. Jones, in speaking of the necessity of the record of conveyance of personal property to secure debts, remarks that things in action are not included in the words, "personal property."   He nowhere speaks of promissory notes or other choses in action as subjects of chattel mortgages.

In enumerating choses in action as personal property that is mortgagable, it is evident that law writers sometimes mean that they are subject to common law mortgages and assignments without reference to chattel mortgages.   For instance, *Gardner* v. *Hoeg & Tr.*, 18 Pick. 168, and *Tripp* v. *Brownell*, 12 Cush. 376, are referred to in one treatise as cases where seamen's wages were held to pass under chattel mortgages; but in those cases wages to be earned were merely pledged as collateral security for money advanced.

In *U. S.* v. *Davis*, 5 Mason 356, Judge Story remarked that personal goods, in the strict sense of the common law, are goods which are movable, belonging to or the property of some person, and which have an intrinsic value; that bonds, bills and notes, which are choses in action, are not esteemed, by the common law, goods, whereof larceny may be committed, being of no intrinsic value and not importing any property in possession of the person from whom they are stolen, but only evidence of property.   Our statute, § 4939, makes "money, goods, chattels, bank notes, bonds, prommissory notes, bills of exchange," etc., subjects of larceny.   Other states have similar statutes.

While the words in the statute, "all personal property," in a general sense, include choses in action, they frequently have, as we have shown, and especially when applied to chattel mortgages, a narrower meaning and include only material, movable property. We think they are used in the statute in contemplation of specific property capable of manual delivery and possession, removal, seizure and sale— property capable of a *situs* of its own. As a general rule, choses in action have no *situs* but that of their owner. *Bullock* v. *Guilford*, 59 Vt. 517. Section 2252 provides that the mortgage shall be recorded in the town where the mortgagor resides at the time of making the mortgage, if he resides in this State, and § 2259 forbids the removal of mortgaged property from the State without the consent of the mortgagor and mortgagee or their assignees; therefore the mortgagor of a chose in action could not remove from the State without the mortgagee's consent. His mortgage would operate upon him as a *ne exeat*.

It is safe to say that in the twenty years our chattel mortgage law has been in operation, it has not been the understanding of the profession that choses in action were included in the terms of § 2251, and we doubt if an attempt has ever been made to mortgage a promissory note. A debt resting merely in a parol promise, having neither *corpus* nor *situs*, is not the subject of a chattel mortgage, nor is a promissory note, which is only the evidence of an indebtedness, mortgagable.

V. S. 1306 provides that negotiable paper shall be subject to the operation of the trustee process unless the same had been negotiated and notice thereof given to the maker or indorser before the service of the trustee process upon him. This statute is for the protection of makers and indorsers of negotiable paper and is important in the transactions of commercial business. The court has always required a strict compliance with its terms in respect to notice. Notice of the transfer must be given by the assignee of the note or through

his procurement. *Barron* v. *Porter,* 44 Vt. 587; *Holt* v. *Babcock,* 63 Vt. 634; *Enright* v. *Beaumond,* 68 Vt. 249. The record of the mortgage in the town clerk's office is not a notice from the assignee to the maker of the note in compliance with the meaning of § 1306 as defined in these decisions. It appears that Hoffman was the plaintiff's agent, but the knowledge that he obtained of the defendant's attempt to mortgage the note was not a notice procured by the assignee to be given to the maker as the statute requires. ·

If the requirements of § 1306 are to remain in force, it follows that a chattel mortgage of a promissory note is invalid without actual notice from the mortgagee to the maker. On the other hand, if the construction claimed for § 2251 were to prevail the record of the mortgage of a promissory note in the town clerk's office would do away with the requirement of actual notice under § 1306, and the provisions of the two sections would often come in conflict. The two sections should be so construed, if practicable, that the provisions of each can be given full force and effect.

Section 1306 long antedated the chattel mortgage act, and by it the legislature had fully provided for the transfer of promissory notes by sale and pledge, so there was no occasion that § 2251 should include this class of property.

If the legislature had intended so radical a change in the law as the claimant contends for, we think it would have included promissory notes, *eo nomine,* in § 2251, or have amended § 1306 so as to make the record in the town clerk's office of the mortgage of a promissory note a sufficient notice of its transfer; but as before remarked, there was no occasion to include promissory notes in § 2251.

*Judgment affirmed.*