## CITIZENS STATE BANK OF HOUSTON v. O'LEARY et al.

### No. 3871.

Court of Civil Appeals of Texas. Beaumont.

Oct. 15, 1941.

Rehearing Denied Nov. 5, 1941.

Morrow, Boyd & Murrin, of Houston, for appellant.

Lewis & Knipp, of Houston, Thornton, Markwell & Stubbs and Chas. J. Stubbs, all of Galveston, and Charles Murphy and Walker F. Johnston, both of Houston, for appellees.

WALKER, Chief Justice.

"Houston Pilots" is an association of professional pilots organized under written articles of association, "for the purpose of more efficiently handling vessels on the Houston Ship Channel." Each member of the association was entitled to, and there was issued to him, a "share" or certificate of membership. On the 2d day of April, 1925, the following certificate was issued to Capt. Joseph Gilbert Basquez, a member of the association:

"Value of Each Share not to be Less
    Than $3,000.00               No. 8

               Houston Pilots

This certifies that Joseph G. Basquez is the legal owner and holder of one share of

the Houston Pilots, and as such owner and holder, properly and satisfactorily performing his assigned services and duties, is entitled to one share of the interest, income, revenue, profits, property, trade and business of the Houston Pilots.

The Houston Pilots is composed of such number of shares as may from time to time be decided by the members thereof, and each owner and holder of a certificate, after due and proper election, appointment and serving his term as a deputy, and properly and in accordance with the rules of the Houston Pilots admitted to membership, and actually and continuously performing the work and labor of a pilot in association with the Houston Pilots, and acceptable and satisfactory to them, is the owner of one share of the property, income, profits and sinking fund of the Houston Pilots as is more fully covered by the agreement heretofore made between the Houston Pilots, and which will be signed by the holder and owner of this certificate. This certificate, or share, shall be sold, transferred, incumbered or restrained only in accordance with the agreement of the Houston Pilots, under their agreement, and any other sale, incumbrance or attempted disposition, or restraints thereof is void.

In witness whereof, the Houston Pilots have affixed hereto their seal and the signatures of the President, Secretary and Treasurer, at Houston, Harris County, Texas, this 2 day of April 1925.
/s/R. S. Smith        /s/Joseph Weikerth
Secretary and Treasurer        President."
(Seal)

On the 23d day of May, 1930, Capt. Basquez executed to appellee, Honorine Le Blanc, his sister, a chattel mortgage in writing on his certificate in "Houston Pilots" to secure her in the payment of a promissory note in the sum of $1,500, which she duly filed with the county clerk of Harris county. She never had possession of the certificate but left it with Capt. Basquez. In 1934 Capt. Basquez renewed this chattel mortgage in writing. On August 14, 1938, he executed to appellant, Citizens State Bank of Houston, his promissory note in writing in the sum of $2,638.28, which he secured by pledge of his certificate in "Houston Pilots", to which there was attached the following "stock power":

"For value received, ——— hereby sell, assign and transfer unto ——— ——— (———) Shares of the ——— Capital Stock of the ——— standing in ———

name on the books of said ——— represented by Certificate No. ——— herewith and do hereby irrevocably constitute and appoint ——— attorney to transfer the said stock on the books of the within named Company with full power of substitution in the premises.
Dated ———.
(Signed) Jos. G. Basquez
In presence of:
———."

Capt. Basquez died in Houston on the 28th day of August, 1938. Two of his children were appointed executors of the estate. The certificate had a surrender value of $3,000, the amount of the membership fee in "Houston Pilots." After his death a contest arose among his executors, his children, appellant, appellees, and A. M. Carlson as to the ownership of the surrender value of the certificate and certain other property.

On the 27th day of November, 1938, the individual members of "Houston Pilots"—twenty one of them—filed their bill of interpleader in the district court of Harris county, making all the claimants parties defendant, pleading a tender of the $3,000, the surrender value of the certificate, and of all other funds in controversy. The claimants filed their answers, asserting their respective claims. Appellee contended by her answer that her chattel mortgage was superior to the claimed lien of appellant, and appellant contended that its pledge lien was superior to appellee's chattel mortgage lien. There was no controversy as to the claim of Carlson, and the claim asserted by the executors and the children to all the other property, except the surrender value of the certificate in issue. Judgment was for interpleaders for their costs and attorney's fees, and no controversy is before us on these issues. In these respects the judgment of the lower court is affirmed. This conclusion leaves in issue only the ownership of the certificate and the nature and priority of the liens asserted by appellant and appellee.

As between appellant and appellee, the trial was to a jury, and judgment was in favor of appellee, decreeing her lien superior to appellant's lien, and awarding appellant the balance of the $3,000, tendered by interpleaders, after appellee's claim is paid in full. Appellant duly prosecuted its appeal to the Galveston Court of Civil Appeals, and the case is on our docket by order of transfer by the Supreme Court.

## Opinion.

Any personal property, as a general rule, which is capable of being sold may be the subject of a mortgage. Woodward v. Laporte, 70 Vt. 399, 41 A. 443; Spalding v. Paine's Adm'r, 81 Ky. 416. It follows, as a general rule, that no property is capable of being mortgaged which may not be the subject of a sale. Capt. Basquez's certificate in "Houston Pilots" could not have been voluntarily sold by him; we mean by that, that he did not have the power to sell the certificate and vest in the purchaser the rights granted him in "Houston Pilots" by this certificate of membership.

"Houston Pilots" was an association of professional pilots to which only highly trained pilots, holding commissions as such under the Governor of the state, could be members. The certificate in issue simply evidenced Capt. Basquez's membership in the association and was no more the subject of a sale than a certificate of membership in a social club or lodge. The property rights in the certificate were merely incidental to a membership in "Houston Pilots", and went with and were appurtenant to the membership. The property rights of Capt. Basquez in "Houston Pilots" were not pledged as security either to appellant or to appellee, but only the certificate, and the pledgee could acquire property rights in the certificate only through the ownership of the certificate. Since, in the very nature of the organization of "Houston Pilots", neither appellant nor appellee could acquire the right to a membership therein, nor any right in and to a certificate of membership therein, it follows that neither appellant nor appellee acquired any property right in Capt. Basquez's certificate.

The certificate on its face provided that it could be "sold, transferred, incumbered or restrained only in accordance with the agreement of the Houston Pilots, under their agreement, and any other sale, incumbrance or attempted disposition, or restraints thereof is void." Section 10 of the articles of association of "Houston Pilots", from which we quote, provided the only condition on which a certificate in the association could be sold: "No applicant, related to a member by blood or marriage within the third degree of kindred, shall be eligible for membership in the Association; however; such member may resign from the Association and assign his interest therein to such applicant, whereupon such ineligibility shall be removed."

There is no contention that appellant and appellee were related within the third degree to Capt. Basquez, nor that they possessed any of the qualities entitling them to a membership in the association. It follows that, in the very instrument under which these litigants hold, appellee's chattel mortgage and appellant's pledge lien were void.

The value of the certificate tendered by the interpleaders belongs to the executors, free of any lien or claim by appellant and appellee. It is our order that the judgment of the lower court establishing the liens of appellee and appellant against the certificate and its surrender value be reversed, and that judgment be here entered awarding the executors this fund free of any and all claims by appellant and appellee.

Affirmed in part and in part reversed and rendered.