Scottie H. ASHLEY, Jr., et al., Appellants,

v.

B. Bryan LEITCH, III, Appellee.

No. 4851.

Court of Civil Appeals of Texas, Eastland.

Dec. 12, 1975.

Rehearing Denied March 11, 1976.

Reid A. Rector, Power & Ashley, Irving, for appellants.

B. Bryan Leitch, III, Dallas, for appellee.

McCLOUD, Chief Justice.

Plaintiff, B. Bryan Leitch, III, sued defendants, Scottie H. Ashley, Jr., Kenneth D. Reynolds, Robert H. Power, and Bill J. Jones, on a promissory note dated February 27, 1973, in the original principal sum of $40,000, such principal being payable on or before March 1, 1976. Plaintiff alleged that the note gave him the right to either approve a purchaser of the property securing the note or declare the note due and payable in full. He further alleged the property had been sold without his approval and he sought to accelerate payment of the note. Plaintiff's motion for summary judgment was granted. Defendants appeal. We affirm.

It is undisputed the property in question was sold and that plaintiff did not approve the purchaser.

In a single point of error, defendants contend the note is ambiguous and a question of fact exists as to the intent of the parties. They contend it was the intent of all parties that plaintiff would have the right to approve a purchaser of the property only when such purchaser assumed and became directly responsible to plaintiff for payment of the note.

That portion of the note in question provides:

"It is further agreed that in the event of sale or transfer of the herein described property, the payee reserves the right to approve the purchaser, or of declaring this note due and payable in full."

The court in *A. R. Clark Investment Company v. Green,* 375 S.W.2d 425 (Tex. 1964) stated:

"This court recognizes that a contract to accelerate the maturity of a debt gives a remedy that is harsh in nature, and provision therefor, in order to be effective, should be clear and unequivocal. See *Motor & Industrial Finance Corporation v. Hughes,* 157 Tex. 276, 302 S.W.2d 386. In the present case, the promissory notes held by the plaintiffs do clearly provide the payment of the notes may be accelerated in the event of the failure to perform any of the agreements in the 1959 Chattel Mortgage. One provision of this instrument unequivocally states that the personal property of Western Hills Hotel covered by the mortgage should not be sold without the written consent of the plaintiffs. In 1961 Investment Company did sell this property to Weissberg without obtaining the plaintiffs' written consent. We hold there is no reason why the plaintiffs should not be able to enforce their contractual right and accelerate payment of their notes because of this violation of the chattel mortgage terms."

The provision of the note under consideration is unambiguous. *Universal C. I. T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154 (1951). The intent of the parties is determined from the note alone. It is the objective, not subjective, intent that controls. *Ohio Oil Company v. Smith,* 365 S.W.2d 621 (Tex.1963). *Citizens Nat. Bank v. Texas & P. Ry. Co.,* 136 Tex. 333, 150 S.W.2d 1003 (1941).

The note clearly provides that in the event the property is sold, plaintiff has the right to approve the purchaser, or declare the note due and payable in full. The purchaser was not approved and plaintiff elected to accelerate payment of the note. This he had a right to do.

The judgment of the trial court is affirmed.