**SONNY ARNOLD, INCORPORATED et al., Appellants,**

v.

**SENTRY SAVINGS ASSOCIATION et al., Appellees.**

No. 9247.

Court of Civil Appeals of Texas, Amarillo.

April 29, 1981.

Rehearing Denied May 20, 1981.

McCleskey, Harriger, Brazill & Graf, George H. McCleskey, Lubbock, Bass & Hobbs, R. Byrn Hobbs, Jr., Lubbock, for appellants.

Edmond L. Cogburn, Houston, Tex., amicus curiae.

Galey & Cummings, Charles E. Galey, Lubbock, for appellees.

Small, Craig & Werkenthin, C. C. Small, Jr., Austin, amicus curiae.

REYNOLDS, Chief Justice.

■ Sonny Arnold, Incorporated, Foxmoor of California and Jeffrey Leland Wilson appeal from the trial court's denial of their application for a writ of injunction to temporarily enjoin Sentry Savings Association and Lorin Kumley, substitute trustee, from conducting a sale of real estate by authority of an optional "due on sale" provision[1] in the deed of trust. To protect our jurisdiction, we enjoined a sale under the deed of trust provision during the pendency of the appeal. *Sonny Arnold, Inc. v. Sentry Sav. Ass'n*, 602 S.W.2d 90 (Tex.Civ.App.—Amarillo 1980, no writ).

The decisive legal question is whether the due on sale provision is invalid as a restraint on alienation of property rights. If so, injunction was proper; if not, the denial was proper.[2]

We conclude, on the rationale expressed, that the challenged provision is valid and enforceable. We, therefore, dissolve our writ of temporary injunction and affirm the judgment of the trial court.

A 7 July 1978 deed of trust, executed on behalf of Sonny Arnold, Incorporated[3] (Arnold) on a TEXAS—Multifamily—1/77—FNMA/FHLMC Uniform Instrument form, impressed a lien on Arnold's real estate described as Lot Two (2), Village West Addition, an addition to the City of Lubbock, Lubbock County, Texas. The lien secures the payment of Arnold's promissory note[4] in the principal sum of $187,500, bearing interest at the rate of 9.75% per annum, and payable to the order of Sentry Savings Association[5] in monthly installments.

1. The litigants characterize the provision as a "due on sale" clause, although Sentry Savings Association and Lorin Kumley submit that the provision is better viewed as an "optional acceleration" clause. In the interest of uniformity, the provision later quoted in the opinion will be referred to as a due on sale clause or provision.

2. Because only a question of law is presented in this injunctive proceeding, our review of the trial court's decision is limited to determining whether the court abused its discretion by failing to apply the law to the undisputed facts. *Southland Life Ins. Co. v. Egan*, 126 Tex. 160, 86 S.W.2d 722, 723 (1935).

3. Sonny Arnold, Incorporated, presumably a Texas corporation, is domiciled in Lubbock, Texas. All of its stock is owned by Edward Lee (Sonny) Arnold, a resident of Lubbock.

4. Payment of the note is personally guaranteed by Edward Lee Arnold.

5. Sentry Savings Association is a corporation organized under the laws of Texas and has offices in Slaton and Lubbock, both in Lubbock County.

As material to the appeal, printed paragraph 19 of the deed of trust, the due on sale provision, reads:

19. TRANSFERS OF THE PROPERTY OR BENEFICIAL INTERESTS IN BORROWER: ASSUMPTION. On sale or transfer of (i) all or any part of the Property, or any interest therein, or (ii) beneficial interests in Borrower [Arnold] (if Borrower is not a natural person or persons but is a corporation, partnership, trust or other legal entity), Lender [Sentry] may, at Lender's option, declare all of the sums secured by this Instrument to be immediately due and payable, and Lender may invoke any remedies permitted by paragraph 27 of this Instrument. This option shall not apply in case of

\* \* \* \* \* \*

(b) sales or transfers when the transferee's creditworthiness and management ability are satisfactory to Lender and the transferee has executed, prior to the sale or transfer, a written assumption agreement containing such terms as Lender may require, including, if required by Lender, an increase in the rate of interest payable under the Note.

The language of paragraph 27, which provides for acceleration and remedies, permits Sentry the option, upon Arnold's breach of any covenant to pay any secured sums when due, to invoke the power of sale afforded by the deed of trust without prior judicial hearing.

6. From July, 1978 to November, 1979, interest rates charged by financial institutions had increased to over ten percent. At the latter date, savings and loan associations were paying from 11% to 13% interest on certificates of deposit; Arnold was paying 12% interest for interim financing of construction and six months later, at the time of the hearing on the injunction application, Arnold was paying 16.5% for the same financing.

7. Prior to or during the negotiations, Sentry refused to approve Gamber's applications to assume two existing loans, one "a home loan" and the other "an apartment loan."

Before 1 November 1979, Arnold, aware that its 9.75% loan was a very favorable one making its property more saleable due to rising interest rates,[6] advised Sentry of negotiations for the sale of the realty. Arnold's negotiations were with Neil Gamber,[7] a resident of California and the general partner of Foxmoor of California, a limited partnership (Foxmoor). Sentry agreed to an assumption of Arnold's indebtedness if the assumption was by a corporation with a modification of the interest rate to 10.5% per annum. Foxmoor refused to incorporate, and Gamber considered the proposed sale at an end.

Thereafter, Arnold contacted Gamber about some other type of arrangement, although Arnold had knowledge of the provisions of paragraph 19 in the deed of trust. On 1 November 1979, Arnold sold the realty to Foxmoor and Jeffrey Leland Wilson (Wilson),[8] a single man residing in California, without the consent of Sentry or the execution of an assumption agreement. Arnold's warranty deed recites the conveyance of an undivided 84.69% interest to Foxmoor and an undivided 15.31% interest to Wilson.[9] Expressed in the deed is an understanding that the property conveyed is encumbered with a deed of trust lien to Sentry, and the indebtedness shall be and remain the obligation of Arnold, which agrees to indemnify the grantees from any liability in connection therewith. In the deed, Arnold retained the vendor's lien, and Foxmoor and Wilson furnished their separate deed of trust,[10] to secure the payment of Foxmoor's and Wilson's promissory note,

8. Edward Lee (Sonny) Arnold neither knows Wilson personally nor has any information about his financial ability.

9. Subsequently, Wilson conveyed his interest in the property to, and has become a limited partner of, Foxmoor.

10. Interestingly, the deed of trust prohibits, similarly to Sentry's deed of trust from Arnold but with a more forceful expression, the allowance of an inferior lien to be perfected against the property, specifying that in such event, the beneficiary [Arnold] is authorized to declare all of said indebtedness immediately due and payable and to proceed to exercise all rights granted in the deed of trust.

given in part payment of the purchase price, in the sum of $266,000 and bearing interest at the rate of 10% per annum.

A copy of Arnold's deed was delivered to Sentry. Within a month of the sale, Sentry notified Arnold that as the sale was not in compliance with paragraph 19 in the deed of trust, Sentry had determined to exercise its option to declare all sums secured by the deed of trust to be immediately due and payable. Sentry's notification then informed Arnold that if all sums are not paid promptly, all remedies, including foreclosure, will be exercised.

Arnold has continued to timely pay Sentry all scheduled installment payments, but the balance of the note has not been paid. Sentry's substitute trustee, Lorin Kumley, scheduled a sale of the realty for 6 May 1980. Upon the application of Arnold, Foxmoor and Wilson, the trial court restrained the sale without notice; but, after notice and a hearing on 20 May 1980, the court denied their application for a temporary injunction to enjoin Sentry from foreclosing and selling the realty under the deed of trust.

Arnold, Foxmoor and Wilson brought this appeal from the order denying the temporary injunction, and Sentry and Kumley proceeded toward a 3 June 1980 trustee's sale. After notice and a hearing, our writ of injunction issued to protect our jurisdiction over the subject matter during the pendency of the appeal.

The litigants agree, and after our independent research we concur, that no court in this state has passed on the question whether a due on sale clause or provision [11] constitutes an invalid restraint on the alienation of property interests.[12] They respectively submit that, in the main, we should look to and apply the law of other jurisdictions to uphold each's diametrically opposed position on the question. A perusal of the authorities they cite, and others analyzed in independent research, at once manifests there is no unanimity in the views of the courts as to the construction and legal effect of due on sale clauses.[13]

11. Basically, a due on sale clause, which may be either self-executing or optional, is a provision for making immediately due and payable all of the sums owed to the lender if the borrower sells or otherwise transfers all or any part of the real property securing the loan without the lender's prior consent.

12. Three courts have passed on due on sale clauses without encountering the question of their restraint on alienation, if any. A deed of trust considered in *Maier v. Thorman*, 234 S.W. 239 (Tex.Civ.App.—San Antonio 1921, no writ), provided that if the land, or any portion thereof, securing the debt shall be sold, the mortgagee may, *at her option, consent to the* assumption of the secured debt or declare the entire debt matured. The clause itself was not the focal issue in the cause, but the court noted that pursuant to it, the buyers had assumed the debt and the mortgagee had accepted and dealt with them as substituted purchasers. 234 S.W.2d at 240–41.

In *A. R. Clark Investment Company v. Green*, 375 S.W.2d 425 (Tex.1964), the court considered four promissory notes, each containing a provision giving the holder the option of maturing them should there be a failure to perform any of the agreements in the deed of trust, chattel mortgage and other agreements. The chattel mortgage provided that the personal property should not be sold, mortgaged or removed without written consent. Upon a sale of the personal property without consent, the court permitted acceleration of payment against claims of consent, waiver and estoppel, holding "there is no reason why the plaintiffs should not be able to enforce their contractual right and accelerate payment of their notes *because of this violation of the chattel mortgage terms.*" 375 S.W.2d at 436.

The note considered in *Ashley v. Leitch*, 533 S.W.2d 831 (Tex.Civ.App.—Eastland 1975, writ ref'd n. r. e.), granted the right to either approve the purchaser of the property or declare the note due and payable in full. The property was sold without approval of the purchaser. Following the *Green* holding, the court upheld the right to accelerate payment of the note against a contention that the note is ambiguous as to the intent of the parties. 533 S.W.2d at 832.

13. Illustratively, *Occidental Sav. & Loan Ass'n v. Venco*, 206 Neb. 469, 293 N.W.2d 843 (1980), expresses the view that a due on sale clause is neither a direct nor an indirect restraint on alienation. Some jurisdictions follow the view declared in *Tierce v. APS Co.*, 382 So.2d 485 (Ala.1980), that a due on sale clause is valid per se and enforceable (even if the lender's primary purpose is to obtain a higher interest rate from the purchaser). *Accord, Century Fed. Savings & Loan Ass'n v. Van Glahn*, 144 N.J.Super. 48, 364 A.2d 558 (1976) (holding that the restraint

In support of their position, Arnold, Foxmoor and Wilson urge that we follow the California Supreme Court's holding in *Wellenkamp v. Bank of America*, 21 Cal.3d 943, 148 Cal.Rptr. 379, 582 P.2d 970 (1978), rendered on somewhat similar facts. In *Wellenkamp*, an optional due on sale clause in a deed of trust was invoked when the borrower sold the real property securing his debt to Wellenkamp, who agreed to assume the loan. Upon being given notice of the sale, the lender, Bank of America, notified Wellenkamp of its rights to accelerate payment of the loan, but offered to waive its right to accelerate in return for Wellenkamp's assumption of the loan at an increased rate of interest. Wellenkamp declined and, when the lender gave notice of default and election to sell under the deed of trust, the litigation ensued.

The clause was designed, so the court said, for the purpose of protecting against impairment to the lender's security, and resulted in a restraint on alienation. Noting that California law, which states that conditions restraining alienation are void,

forbids only unreasonable restraints, the court proclaimed the reasonableness is measured by balancing the quantum of restraint against the justification for enforcement of the clause.

The court noted that if the lender elects to enforce the clause when economic conditions render new financing unavailable or unfeasible, transfer of the property may be prohibited entirely; if the lender is willing to waive its option to accelerate in return for the assumption of the loan at an increased interest rate, an inhibitory effect may result from the buyer's insistence upon a lower purchase price or the borrower's refusal to consummate the sale. The court then rejected the mere fact of sale, with the risk of waste and default, or the lender's interest in maintaining its loan portfolio at current interest rates, as sufficient to warrant enforcement of the clause. Resultantly, the court held that the clause cannot be enforced unless the lender can demonstrate that enforcement is reasonably necessary to protect against impairment to its security or the risk of default.[14]

clause in an executory contract of sale is valid and enforceable); *First Commercial Title, Inc. v. Holmes*, 92 Nev. 363, 550 P.2d 1271 (1976) (a self-executing due on sale clause neither constitutes an unreasonable restraint on alienation nor is violative of public policy); *Baker v. Loves Park Savings and Loan Association*, 61 Ill.2d 119, 333 N.E.2d 1 (1975) (holding a consent to sell clause is a reasonable restraint).

Other jurisdictions have echoed the view of *Tucker v. Pulaski Federal Savings & Loan Association*, 252 Ark. 849, 481 S.W.2d 725 (1972), that a due on sale clause is a restraint on alienation which does not allow acceleration unless the lender justifies the failure to consent. *See, e. g., Baltimore Life Insurance Company v. Harn*, 15 Ariz.App. 78, 486 P.2d 190 (1971), *pet. for rev. denied*, 108 Ariz. 192, 494 P.2d 1322 (1972) (viewing the clause as a restraint on alienation, but not void unless it absolutely restricts the alienation). And there are jurisdictions which adhere to the view of *Wellenkamp v. Bank of America*, 21 Cal.3d 943, 148 Cal.Rptr. 379, 582 P.2d 970 (1978), that a due-on clause is inherently an unreasonable restraint on alienation absent a showing of justification for restraint, *i. e.*, enforcement of the clause is reasonably necessary to protect against impairment of the security or the risk of default. *Accord, Patton v. First Fed. Sav. & Loan Ass'n*, 118 Ariz. 473, 578 P.2d 152 (1978) (the due on sale clause cannot be enforced

unless the lender can show that its security is jeopardized by the transfer without consent; otherwise, enforcement is an unlawful restraint on alienation).

14. The holding was limited to an institutional lender seeking enforcement of a due on sale clause, the court expressing no opinion as to its application to a private lender. 582 P.2d at 976, n. 9. Prior to the date of the opinion, the Federal Home Loan Bank had issued, effective 8 June 1976, its regulations 12 C.F.R. § 545.6–11(f) and (g) which, sans the subsection (g) limitations, state in pertinent part that:

A federal association continues to have the power to include, as a matter of contract between it and the borrower, a provision in its loan instruments whereby the association may, at its option, declare immediately due and payable all of the sums secured by the association's security instrument if all or any part of the real property securing the loan is sold or transferred by the borrower without the association's prior written consent. Except as provided in paragraph (g) of this section ... exercise by an association of such an acceleration option (hereafter called a due-on-sale clause) shall be governed exclusively by the terms of the contract between the association and the borrower ....

In *Glendale Fed. Sav. & Loan Ass'n v. Fox*, 459 F.Supp. 903 (C.D.Cal.1978), it was held that

Arnold, et al., argue that the *Wellenkamp* rule should be adopted to hold the due on sale clause invalid because Sentry did not demonstrate that its security had been impaired. It follows, then, they reason, that, with Arnold's proof of loss from a trustee's sale, they were entitled to a temporary injunction.

To the contrary, Sentry and Kumley represent that the majority rule in the United States permits acceleration and foreclosure under a due on sale clause upon proof of a sale without the lender's consent, and urge us to apply that rule. *Tierce v. APS Co.*, 382 So.2d 485 (Ala.1980), *Century Fed. Savings & Loan Ass'n v. Van Glahn*, 144 N.J. Super. 48, 364 A.2d 558 (1976), and *Baker v. Loves Park Savings and Loan Association*, 61 Ill.2d 119, 333 N.E.2d 1 (1975), among others, are quoted to show their wording of the general rule that a due on sale clause is valid per se and enforceable as a contractual obligation, even though the lender's motive is to take advantage of increased interest rates.

Two of the cases, *Tierce* and *Van Glahn*, carry no indication that the clause is a restraint per se. The clause, in the view of *Tierce*, serves a valid business purpose and is enforceable. The rationale for the holding, adopted from language in *Gunther v. White*, 489 S.W.2d 529 (Tenn.1973), is that there should be no departure from the law which requires the enforcement of valid contracts although one party, rather than another, will financially profit. The clause in *Van Glahn* was perceived as a legitimate and valid contractual term. A consideration for its enforcement was that the lender's motive to protect against inflationary and deflationary money market conditions is neither unlawful nor improper and fulfills a fiduciary obligation to obtain the best lawful yield of the mortgage portfolio.

The other case, *Loves Park*, openly evinces that the due on sale clause constitutes a restraint on the alienation of property. However, the court held it to be a reasonable restraint because it is imposed for the purpose of protecting the security interest of the lender. There, the Illinois Supreme Court rejected the case-by-case approach opted for in other jurisdictions (and called for in *Wellenkamp*), holding that the purpose of the clause, not the circumstances of each case, determines its validity. Nevertheless, the court said a borrower may be relieved from a lender's unconscionable or inequitable conduct.

This majority rule should be adopted as the law of Texas, so Sentry and Kumley contend, with its application to the proof of Arnold's sale without consent in violation of the deed of trust clause entitling them to proceed with foreclosure. Alternatively, they submit that they are entitled to enforce the due on sale clause even under the authorities upon which Arnold, Foxmoor and Wilson rely. This results, they say, because the facts vividly illustrate that Sentry was faced with an impairment of its security.

Notwithstanding the ready choice of policy considerations offered by the decisions from other jurisdictions, we eschew the invitation to arbitrarily select one of those decisions as the law of Texas. We choose, instead, to reason from the principles honored by Texas decisions in determining the Texas law on the question.

■ Restraints on alienation of property are not favored in the law of Texas. *Citizens State Bank of Houston v. O'Leary*, 140 Tex. 345, 167 S.W.2d 719, 721 (1942). Generally, the restraints declared void are those established by the grantor in conveying the fee and come within the usual classification of (1) a disabling restraint, or (2) a promissory restraint or (3) a forfeiture restraint.[15]

since 8 June 1976, the federal regulations have preempted state regulation of, and the *Wellenkamp* holding on, due-on-sale clauses in the loan instrument of federal associations.

**15.** Restatement of Property (1944) § 404, Definitions, furnishes these meanings:

(1) A restraint on alienation, as that phrase is used in this Restatement, is an attempt by an otherwise effective conveyance or contract to cause a later conveyance
(a) to be void; or
(b) to impose contractual liability on the one who makes the later conveyance when such

*See Mattern v. Herzog*, 367 S.W.2d 312, 319 (Tex.1963). Yet, a restraint which operates by indirection does not fit into the usual classes of invalid restraints. *Id.* at 319.

■ The paragraph 19 provision did not arise by virtue of any grant to Arnold; it came into being as part of an agreement to secure the repayment of a loan of money to Arnold. The provision does not, and in fact did not, prohibit or prevent Arnold from conveying the secured property nor cause its conveyance to be void. The provision imposes no contractual liability for the conveyance independent of and beyond Arnold's original liability to pay its indebtedness. Thus, the provision cannot be classified as a direct disabling, promissory or forfeiture restraint. The provision becomes operative only when it is triggered by the borrower's election to sell or transfer the secured property or an interest therein. At most, the provision would amount, in a given situation, to an indirect restraint. The provision is sanctioned by 12 C.F.R. § 545.6–11(f), quoted in marginal note 14, and we are not aware of any recognized authority that has declared a similar provision void per se. We hold, therefore, that the paragraph 19 due on sale provision is not an invalid restraint on alienation of property interests.

Of course, Arnold could mortgage its property. *Citizens State Bank of Houston v. O'Leary, supra,* 167 S.W.2d at 721. In this connection, the parties had the constitutional right to make their own agreement, provided it is legal. *Sharber v. Florence,* 131 Tex. 341, 115 S.W.2d 604, 606 (1938).

The purpose of a deed of trust is to secure to the lender the repayment of the borrower's debt, and the provisions thereof are drafted to provide against impairment of the security for the debt. Paragraph 19 is one of those provisions, cast to protect

the lender in the event of sale or transfer of the secured property without consent to one whose personal qualities and financial responsibility are unknown to and were not contemplated by the lender in making the loan. The fact that the lender may be motivated to consent to the conveyance only to obtain an increase in the rate of interest payable under the note does not, in our opinion, render the security instrument any less legal. The doctrine of restraints on alienation of property is not mechanically applied to unnecessarily circumscribe the freedom of contract. *Mattern v. Herzog, supra,* at 320.

The language of paragraph 19 is clear and unambiguous. No proviso thereof precludes its operative effect unless the lender can demonstrate that enforcement is reasonably necessary to protect against impairment of the security or the risk of default. To supply the proviso, as Arnold, Foxmoor and Wilson urge, would be to judicially rewrite the agreement the parties made. This we may not do; we are not at liberty to make for the parties a contract different from the one they entered into, *Stahl Petroleum Co. v. Phillips Petroleum Co.,* 550 S.W.2d 360, 368 (Tex.Civ.App.—Amarillo 1977), *aff'd, Phillips Petroleum Co. v. Stahl Petroleum Co.,* 569 S.W.2d 480 (Tex.1978), nor change the one they have made under the guise of construction. As parties bind themselves, they must be held bound. *East Texas Fire Ins. Co. v. Kempner,* 87 Tex. 229, 27 S.W. 122 (1894).

Consequently, because the provision should be enforced according to its terms, we hold that the due on sale clause is enforceable upon sale of all or any part of the secured property without the lender's consent. This holding is compatible with the one announced by our court of supreme jurisdiction in *A. R. Clark Investment Company v. Green,* 375 S.W.2d 425, 435 (Tex. 1964), and noticed in marginal note 12.

liability results from a breach of an agreement not to convey; or
(c) to terminate or subject to termination all or part of the property interest conveyed.
(2) If a restraint on alienation is of the type described in Subsection (1), Clause (a), it is a disabling restraint.

(3) If a restraint on alienation is of the type described in Subsection (1), Clause (b), it is a promissory restraint.
(4) If a restraint on alienation is of the type described in Subsection (1), Clause (c), it is a forfeiture restraint.

**340**

We recognize that the due on sale agreement calls for a harsh remedy in some situations; yet, it is the very remedy upon which the contracting parties agreed. Texas courts enforce the clear and unequivocal contractual provisions to accelerate the maturity of a debt. *A. R. Clark Investment Company v. Green, supra: Ashley v. Leitch*, 533 S.W.2d 831 (Tex.Civ.App.—Eastland 1975, writ ref'd n. r. e.). It has been written that an optional, as opposed to a self-executing, provision for acceleration requires notice of acceleration and demand for payment for the enforcement of the right. *Jernigan v. O'Brien*, 303 S.W.2d 515, 516–17 (Tex.Civ.App.—Austin 1957, no writ). Here, it is undisputed that Sentry gave Arnold notice of its exercise of its option to declare the whole debt matured and demanded payment of the entire debt.

We are not to be understood as holding the borrower is without recourse if attending circumstances justify relief. Any legal defense to the enforcement of a contract may be interposed by the borrower, and Texas courts historically have not permitted enforcement of acceleration clauses activated by the lender's fraudulent or inequitable conduct. Here, Arnold, Foxmoor and Wilson have not sought to escape enforcement of the due on sale clause on any ground except their claim of its invalidity as a restraint on alienation of property interests.

It follows that there was no abuse of discretion on the part of the trial court in denying the application for a writ of temporary injunction by applying the law to the undisputed facts. *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517, 519 (1961). Accordingly, our writ of temporary injunction is dissolved.

The judgment of the trial court is affirmed.