# Tidwell *v.* Wittmeier, *et al.*

*Bill for Redemption of Land From Mortgage.*

(Decided April 9, 1907.    43 So. Rep. 782.)

1. *Injunction; Mortgage Sale; Sufficiency of Bill.*—A bill to enjoin a mortgage sale which avers a tender of the amount due; offers to pay any balance which may be ascertained to be due and prays in the alternative to be permitted to pay what may be found due and have the mortgage cancelled contains equity and is good against a motion to dismiss for want of equity.

2. *Pleadings; Conclusion.*—An averment in a bill to enjoin a mortgage sale, that no attorney's fee is due under the mortgage states merely a conclusion of the pleader.

[Tidwell v. Wittmeier, et al.]

3. *Mortgage; Tender; Sufficiency.*—Unless interest from maturity of the debt to the date of the tender is offered the tender is insufficient.

4. *Same; Maturity Clause.*—A maturity clause in a mortgage providing that all installments should mature on a sale of the land by the mortgagor is binding upon one who purchased subject to the mortgage.

APPEAL from Blount Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by S. L. Tidwell against J. S. Wittmeier and another. From a decree overruling a motion to dismiss and to dissolve an injunction, respondents appeal; and from a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

See 147 Ala. 354, 40 South. 963.

The bill alleges that Wittmeier sold to J. S. Bentley for a sum certain lands described in the bill, and received in payment therefor four promissory notes to secure the deferred payments on the lands, which said notes matured November 12, 1905, November 12, 1906, November 12, 1907, and November 12, 1908; that the note maturing November 12, 1905, was to be paid by the delivery of 1,000 pounds of lint cotton and $23.59, and the other three notes were to be paid by the delivery of 1,000 pounds of average lint cotton at the maturity of each of said notes; and to secure said notes Bentley executed to Wittmeier a mortgage on the land so purchased. Bentley desiring to sell said land, the refusal thereof was given to Wittmeier, who declined to purchase, and on the 3d day of December, 1904, by and with the knowledge and consent of said Wittmeier, Bentley conveyed the lands to complainant and put him in possession thereof; complainant agreeing and assuming to pay the outstanding purchase-money notes in the same manner and as stipulated in said notes and mortgages. On the 18th day of November, 1904, Wittmeier transferred and assigned the mortgage executed to him by Bentley to N. W. Bradford. Bradford contended that "under the terms and conditions of the mortgage, upon the consummation of said contract of sale and purchase between said Bentley and your orator, and by reason of

such sale of said lands, the whole of the indebtedness mentioned in said mortgage and thereby secured at once became due and payable." Whereupon in order to avoid litigation, complainant tendered to said Wittmeier the cotton and money called for by the notes, and also tendered and offered to deliver and pay to George L. Smtih, the attorney for the respondent Bradford, the cotton and money called for by the terms of said note and mortgage, and said tenders and offers were refused; the said Bradford demanding in addition to the amount of cotton and money agreed to be delivered and paid by the express terms of the note and mortgage, the sum of $40 as attorney's fee for collection, and, upon complainant's refusal to pay it, advertised said lands for sale under the mortgage. It is averred that no part of the mortgage debt is due until the 1st of November, 1905, and it is further averred that "the stipulation in the mortgage, that if the grantor shall sell, transfer, trade, or remove any of said property, or attempt the same, then all of said notes shall at once become due and payable, has no application to the kind of property conveyed by said mortgage; but, if complainant is mistaken in this, he is ready and willing to deliver the cotton and pay the money that may be requisite and necessary under the decree of this court, to discharge in full the obligations of said notes and mortgages, and your orator does hereby offer and tender to the person entitled, the amount of the cotton and money that by any decree of this court may be ascertained to be just and proper." The bill sought an injunction restraining the sale under the mortgage, asked for an account to be stated, and, upon his complying with the decree of the chancellor, that the notes and mortgages be delivered up and cancelled. A copy of the mortgage was attached to the bill, and described the lands as described in the bill, and the payments as described in the bill. It also contained the provision that the refusal be given to Wittmeier when selling, and it contained the further provision that if the grantor shall sell, transfer, trade or remove any of the said property, or attempt the same, then all the notes shall become at once due and payable. An inter-

locutory decree was entered granting an injunction. The defendants separately and severally demurred to the bill for a misjoinder of parties defendant: "Because the bill shows that compainant had a plain and adequate remedy at law. Because it shows that complainant has never tendered to Bradford or her attorney the full amount of the indebtedness secured by said mortgage. It does not aver that complainant is now, and has been at all times subsequent to his alleged tender, ready and willing to make good his alleged tender. His offer of tender is vague and indefinite, and a mere conclusion of the pleader. The bill does not show that the defendant Bradford claimed more than was due under the mortgage, or that the amount due under the mortgage is unliquidated and not capable of being ascertained by calculation." The bill was amended to meet the decision of the court on a former appeal, and the respondents refiled their demurrers thereto. Motion was also made to dismiss the bill for want of equity and to dissolve the injunction. The motion to dismiss and dissolve the injunction was overruled. The demurrers to the bill were sustained. The complainant appeals from the decree sustaining demurrers, and the respondents appeal from the decree overruling the motion to dismiss for want of equity, and from a decree refusing to dissolve the injunction.

WARD & WEAVER, for appellant.—The forfeiture clause in the mortgage is intended to apply only to personal property but respondents are seeking to oppress complainants with it and it is insisted that it is inequitable. If this contention is true, then it is not necessary that an attorney's fee should have been tendered.—*Attalla Mining Co. v. Winchester*, 102 Ala. 190; *Roberts v. Johnson*, 99 Ala. 90; *Brooks v. Rogers*, 12 South. 61; 21 Am. St. Rep. 657; 68 Am. Dec. 73 and note; 86 Am. St. Rep. 43 and note. The courts of chancery have jurisdiction against inequitable forfeitures which are being or attempted to be used for oppression.—Authorities supra; *Loan Asso. v. Lake*, 69 Ala. 456; *Struve v. Childs*, 63 Ala. 473; *McCauley v. Otey*, 90 Ala. 302. As to the motion to dissolve the

[Tidwell v. Wittmeier, et al.]

injunction we call attention to *Harrison v. Yarby,* 87 Ala. 185; *E. & W. R. R. Co. v. E. T. V. & G. R. R. Co.,* 75 Ala. 275; *Jones. v Ewing,* 65 Ala. 360. ·

GEORGE L. SMITH, for appellee.—The possibility that a bill can be amended by alleging additional facts so as to give it equity affords no ground for its retention against a motion to dismiss.—*Eddings v. Murphy,* 142 Ala. 617; *Turner v. City of Mobile,* 135 Ala. 73; *Tait v. Mortgage Co.,* 132 Ala. 192; *Gardner v. Knight,* 124 Ala. 272; *Seals v. Robinson,* 75 Ala. 362. If the accelerating clause is void a sale thereunder would be void and pass no title and affords no grounds for equitable relief.—*Keith v. McLaughlin,* 105 Ala. 339; *Sullivan v. McLaughlin,* 99 Ala. 60; *Robinson v. Joplin,* 54 Ala. 70; *Lytle v. Sandefur,* 93 Ala. 399. The accelerating clause of the mortgage is valid.—*Keith v. McLaughlin, supra; Parker v. Oliver,* 106 Ala. 549; *Chambers v. Marks,* 93 Ala. 412; *Cole v. Shaw,* 103 Mich. 505; 28 A. & E. Ency. of Law, 778. The accelerating clause is not repugnant to the other provision.—Jones on Mortgages, (6th Ed.) sec. 101; 17 A. & E. Ency. of Law, 7; *Mason v. Alabama Iron Co.,* 73 Ala. 270; *Comer v. Bankhead,* 70 Ala. 136; *Seay v. McCormick,* 68 Ala. 549.

ANDERSON, J.—When this case was here before as reported in 147 Ala. 354, 40 South. 963, we in effect held that the bill contained equity, and we will not recede from that ruling. The bill not only avers a tender, but offers to pay any balance that may be ascertained to be due upon the mortgage, and prays, in the alternative, that he be permitted to pay what amount may be found due and have the mortgage cancelled.—*Whitley & Trimble v. Dunham Lumber Co.,* 89 Ala. 493, 7 South. 810. The bill as amended does not aver that no steps had been taken to collect the debt, notwithstanding it avers that the claim was in the hands of an attorney, and the averment that no attorney's fee was due was but the legal conclusion of the pleader. Nor does the bill aver a tender of interest from the date of maturity to the · date of the alleged tender.

17 R

[Tidwell v. Wittmeier, et al.]

The other phase of the amendment is doubtless intended to test the right of the mortgagee to claim that all of the installments became due upon a sale of the property by the mortgagor to the complainant. The mortgage clearly provides that all of the installments should become due in case of a sale of the property. Counsel contend that this is an unreasonable condition in the mortgage, as the complainant would lose interest by paying all of the debt before some of the payments became due under the original terms of the mortgage. This clause was put in the mortgage for a purpose, and the parties thereto were bound by it. It is not within the the power of this court to make contracts for parties. The complainant was not only chargeable with notice as to the character of the mortgage on the land he was buying, but the deed conveying the land to him recited the existence of the mortgage and he purchased the land subject to said mortgage. He knew that, the very moment the mortgagor conveyed him the land, all of the installments fell due under the express terms of the mortgage. He was not compelled to buy the land, and, after doing so subject to the mortgage, he is in no position to complain of a clause contained therein.

The chancellor properly overruled the motion to dismiss for want of equity, and properly sustained the demurrers to the bill as amended; and the decree is affirmed upon the original and cross appeal.

Affirmed.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.