We are confronted in this case with the validity vel non of a "due-on-sale" clause as found in modern real estate mortgages. The particular clause in the mortgage involved in this case is as follows:
 "Fifth: Sale or Change in Possession of Property — The Mortgagor shall not sell or transfer title to the property described herein, nor allow or make any change in the possession, or character of possession, thereof, without the written approval of the Mortgagee, and any violation of this provision shall constitute a default hereunder, and, at the option of the Mortgagee, all amounts secured by this mortgage shall become due and payable. Should such written approval be granted, the Mortgagee shall have the right to *Page 302 
make a reasonable charge for services in effecting the change of records reflecting the new ownership."
This case arose under the following circumstances: Appellant loaned to the McDevitts in 1971 the sum of $14,700 at 8% interest. As security the McDevitts executed a mortgage upon real estate to appellant. In 1974 appellees Brittons entered into an agreement with the McDevitts for the purchase of the property, agreeing to assume payment of the balance due on the mortgage. When notified of the agreement and requested to approve the sale, appellant conditioned its approval. The condition imposed was as follows: Payment to it of ten points or per cent of the unpaid balance of the note ($1408.81) or payment of two points or per cent ($281.76) and an increase in the interest rate on the balance from 8% to 9%, and in either alternative, payment of a service charge of $35 for changing its records. The prevailing interest rate in the market for such loans at the time was 9 3/4%. Unless appellees complied with one of the alternative conditions, appellant would withhold its consent and the sale would automatically constitute a default and accelerate the due date of the unpaid balance.
The Brittons paid the 10 points or $1408.81 plus the $35 service charge under protest. Approval of the sale and assumption of the mortgage was given by appellant. Demand was made for return of the money and refused. Suit was brought for recovery. The matter was presented to the court upon stipulation and affidavits. Judgment was for plaintiffs Brittons. Defendant First Southern Federal Savings and Loan Association of Mobile appealed.
In the beginning of our discussion of the contractual right of acceleration via a due-on-sale clause, we note that there are differences of treatment and conclusions as to application of such clause in the several jurisdictions which have considered the matter in recent years. 69 A.L.R.3d 713. However, we have found no jurisdiction which has declared such clause, as commonly used, to be invalid and void. Gunther v.White, 489 S.W.2d 529, 530 (Tenn. 1973) and cases cited therein. The prevalent use of the ordinary due-on-sale clause is said to have arisen from the "ferocious competition" of the savings and loan associations for the home mortgage investment. Comment, Mortgages — A Catalogue and Critique on the Role ofEquity in the Enforcement of Modern-Day "Due-on-Sale" Clauses, 26 Ark.L.Rev. 485 (1973). This cited article says further as follows:
 "More recently, lenders are declaring defaults and accelerating upon failure of the borrower to obtain the written consent of the lender before the sale, transfer or further encumbrance of the mortgaged property. Under the terms of these written consent "due-on-sale" clauses, if the lender's consent is not obtained, the mortgagor is deemed in default and the debt is declared immediately due and payable. As one might expect or have already experienced, a higher rate of interest can thereby be coerced from the mortgagor as a condition to the continued extension of credit or to the purchaser's valid assumption of the original mortgage indebtedness." 26 Ark.L.Rev. 485-86.
We do not contradict the statement that the prevalent use of the due-on-sale clause has come about since the beginning of the post-World War II housing boom and the concurrent inflationary spiral. Neither do we argue with the above-quoted statement that the clause has only recently been used as an instrument to coerce a mortgagor wishing to sell his property or a purchaser wishing to buy the equity of the mortgagor and assume his mortgage into paying points or agreeing to a higher rate of interest. However, we do not accept any inference that the due-on-sale clause is of recent origin, at least not in Alabama.
The Supreme Court of Alabama recognized both the validity and enforceability of a clause accelerating the maturity of the mortgage indebtedness upon a sale of the mortgaged property in the case of Tidwell v. Wittmeier, 150 Ala. 253, 43 So. 782
(1907). Such clause was upheld in that case in a court of equity against the equitable defense *Page 303 
of an unreasonable condition in the mortgage. The court said, "This clause was put in the mortgage for a purpose and the parties thereto were bound by it. It is not within the power of this court to make contracts for parties." 150 Ala. at 258,43 So. at 783.
The court did not state nor speculate as to the purpose of the clause. Since the purpose of any mortgage is to obtain security for the loan and thereafter minimize the risks in repayment, it may be said that the purpose of all clauses in the mortgage is to protect the security of the mortgagee. The logical conclusion therefore is that any clause which does not unreasonably depart from such purpose is valid and enforceable. This appears to be a common thread in all the cases. In some courts the test is stated to be the reasonableness of the clause in relation to its effect upon the common law rights of alienation of property. Tucker v. Lassen Sav. Loan Ass'n,12 Cal.3d 629, 116 Cal.Rptr. 633, 526 P.2d 1169 (1974); Malouff v.Midland Fed. Sav. Loan Ass'n, 181 Colo. 294, 509 P.2d 1240
(1973). In other courts the test is whether the invocation of the clause would be inequitable and unjust under the circumstances. That is, does the act of the mortgagor which triggers the invocation endanger the security or increase unanticipated risks? Tucker v. Pulaski Federal Sav. LoanAss'n, 252 Ark. 849, 481 S.W.2d 725 (1972); Clark v.Lachenmeier, 237 So.2d 583, (Fla. 1970); Gunther v. White,supra.
Whether the propriety of acceleration of a mortgage through a due-on-sale clause is tested as a reasonable restraint on alienation of property or as a reasonable and equitable exercise of a contractual right in light of the purpose of the clause, does not strike us to be of great concern. We consider that the right of the mortgagee to exercise its option to accelerate payment because of a violation of a due-on-sale clause is to be recognized as is any bargained-for right in the contract. The purpose of the clause is to insure that the party originally bargained with and upon whose economic and financial situation and reputation money was loaned, credit extended and risk of repayment assumed, will remain as owner and in possession of the security. There can be no question but that the risk of waste, failure of maintenance and resultant deterioration in the property may be greatly increased by sale to one of whom the mortgagee knows nothing. The lending of money is a personal matter between lender and borrower. It cannot be said that the conditioning of the continuation of the relationship upon the retention of the ownership of the property standing as security for the debt is unreasonable or inequitable.
However, in this case, it is openly stated that the purpose of threatening to exercise the option of accelerating payment was to force an acceptance of an increase of the rate of interest for the remainder of the term of the mortgage. There is no indication that acceleration was due to the increase of risk or jeopardy to the security. The purpose of the clause was not being served by the threatened acceleration but the unrelated financial interest of the lender was the reason for the acceleration.
The terms of the clause give no indication that an interest of the mortgagee other than the protection of its security is to provide the reason for exercising the option to accelerate. We do not consider the right to exercise the option to be an arbitrary one. Such right is dependent upon the sale producing a threat to a legitimate interest of the mortgagee sought to be protected by the clause. Such legitimate interests are the protection and preserving of the security from waste and depreciation and the guarding against the moral risks or the reasonable possibility of having to resort to the security after default. Tucker v. Lassen Sav. Loan Ass'n, supra.
We do not say that the mortgagee may not specifically contract for the option to accelerate in the event of sale unless the purchaser agrees to payment of increased interest up to the current rate at time of assumption of the unpaid mortgage balance. We do hold that such purpose may not be hidden behind a clause which is assumed to only provide protection for the *Page 304 
security. If the clause is to be used to advance the financial interest of the lender through requirement of payment of a penalty or an increase in interest rate, such purpose must be openly stated and bargained for from the inception of the contract. If the condition for the approval of a sale may be hidden and be other than for the protection of the historical interest of the mortgagee, the mortgagor will be at the mercy of the mortgagee. It is therefore the opinion of this court that under the stipulation before the trial court, appellant had no justification for refusing consent to the transfer. The due-on-sale clause appearing in this mortgage may not be used as an instrument to require an increase in interest rate nor for collecting a penalty in order to prevent acceleration and foreclosure. We consider this holding not to be contrary to the decision of the Supreme Court in Tidwell v. Wittmeier, supra.
We find the second issue presented to have no bearing on the disposition of the appeal. We would further observe that the matter of standing of the plaintiffs, who were purchasers from the mortgagors and not parties to the contract, to bring the suit was not an issue in this case at any stage.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.