This is an appeal from a final decree permanently enjoining appellant/defendant, Memnon Tierce, II from foreclosing a mortgage on certain property because of a prior sale of that property by appellee/plaintiff APS Company, to the other appellee/plaintiff Campus Apartments Company. We reverse.
APS Company is a partnership composed of three persons: C.H. Armstrong, A.W. Patton, Jr., and Alonzo J. Strickland, III. In May of 1975, APS entered into a contract, styled a Bond for Title, with Tierce. In the contract Tierce agreed to sell a certain 24 unit apartment complex to APS for the sum of $159,221.80. According to the terms of the contract, Tierce would retain title to the real estate until the principal due under the agreement was reduced to $155,000. When the principal was so reduced Tierce was required, under the terms *Page 486 
of the contract, to execute a warranty deed to APS and to retain a purchase money mortgage interest in the property, accepting APS's note and mortgage for the balance due. The promissory note for the balance was to be on the same terms regarding interest rate and repayment schedule as those contained in the Bond for Title. The Bond for Title, or contract, also contained language to the effect that APS would not transfer or assign the contract or any rights therein and would not lease or otherwise transfer possession of the premises, the subject of this suit, without the written consent of Tierce.
APS did in fact reduce the principal to $155,000 and requested Tierce to perform as agreed. APS's lawyer prepared, and submitted to Tierce, a mortgage and deed for him to accept. Tierce rejected the proposed mortgage on the grounds that it gave APS rights not granted in the original contract and was inconsistent with it. APS's attorney prepared another mortgage, which Tierce accepted. This second mortgage, which the three partners of APS executed, contained the following "due on sale" clause:
 "Debtor shall be in default under this agreement upon the happening of any one of the following events or conditions:
* * * * * *
 "4. Upon the substantial damage, waste, danger or misuse, sale or encumbrance of or to Property. [Emphasis added.]
* * * * * *
 "Upon such default Mortgagee may, at his option declare all obligations secured hereby immediately due and payable. * * *."
Subsequent to the execution of the deed and mortgage, APS sold the premises to appellee/plaintiff Campus Apartments Company, a partnership composed of Alonzo J. Strickland, III, and David C. Smitherman. Campus Apartments agreed to assume the mortgage held by Tierce. APS did not notify Tierce of the transfer, nor did it attempt to obtain Tierce's consent to it.
Tierce accepted two checks from Smitherman for mortgage payments. Tierce then inquired of APS about the identity of Smitherman. He was then informed of the transfer of the property to Campus Apartments. The tendency of the evidence is that Tierce communicated to APS that he would accept the transfer if Campus Apartments agreed to pay a higher interest rate.
Campus Apartments refused to pay a higher interest rate, whereupon, Tierce gave, through counsel, written notice to APS of its default and his declaration that APS's obligations secured by the mortgage were immediately due and payable. Subsequent to delivery of this notice, APS and Campus Apartments instituted suit against Tierce asking, inter alia, the court to declare that APS had not defaulted and to enjoin Tierce from foreclosing. Tierce counterclaimed for a judicial foreclosure.
A trial on the merits was had at which APS's attorney, who had provided the mortgage instruments, testified he did not know the form he used contained a "due on sale" clause and that APS had not requested that such a clause be contained in the instrument.
The trial court expressly determined the following: (1) the "due on sale" clause was not openly stated and bargained for; (2) the conveyance to Campus Apartments by APS did not endanger Tierce's security; (3) the conveyance to Campus Apartments was not a default; and (4) Tierce's purpose in exercising its option to accelerate payment by foreclosure was to obtain an increased interest rate. Based on these findings, the trial court permanently enjoined Tierce from foreclosing on the mortgage in question for the reason of the conveyance to Campus Apartments. This appeal ensued.
The determinative issue on this appeal is whether a "due on sale" clause is per se invalid, unless a separate consideration has been given for it, when the mortgagee's primary purpose for accelerating payment is to obtain a higher interest rate. We find in the negative as to that issue and, therefore, reverse. *Page 487 
In 1907, this court expressly held in Tidwell v. Wittmeir,150 Ala. 253, 43 So. 782 (1907), that "due on sale" clauses are enforceable. Justice Anderson stated in that opinion:
 "The other phase of the amendment is doubtless intended to test the right of the mortgagee to claim that all of the installments became due upon a sale of the property by the mortgagor to the complainant. The mortgage clearly provides that all of the installments should become due in case of a sale of the property. Counsel contend that this is an unreasonable condition in the mortgage, as the complainant would lose interest by paying all of the debt before some of the payments became due under the original terms of the mortgage. This clause was put in the mortgage for a purpose, and the parties thereto were bound by it. It is not within the power of this court to make contracts for parties. The complainant was not only chargeable with notice as to the character of the mortgage on the land he was buying, but the deed conveying the land to him recited the existence of the mortgage and he purchased the land subject to said mortgage. He knew that, the very moment the mortgagor conveyed him the land, all of the installments fell due under the express terms of the mortgage. He was not compelled to buy the land, and, after doing so subject to the mortgage, he is in no position to complain of a clause contained therein." 150 Ala. at 258, 43 So. at 783.
This holding in Tidwell has never been altered or reversed.
However, in 1977, the Court of Civil Appeals decided the case of First Southern Federal Sav. Loan Ass'n of Mobile v.Britton, 345 So.2d 300 (Ala.Civ.App. 1977). In that case the appellate court stated that Tidwell was the governing authority in Alabama, then decided the case contrary to Tidwell, asserting, however, its holding not to be contrary to that case. Despite this statement in Britton, the language used in the decision is contrary to the language used in Tidwell.
In Tidwell, this court clearly stated that it would not attempt to rewrite contracts for the parties. It was made clear that "due on sale" clauses were enforceable. The holding was not conditioned on the intent of the mortgagee when enforcing the clause.
In Britton, the Court of Civil Appeals held, in effect, that the court must look to the purposes of the lender in enforcing "due on sale" clauses. The appellate court in Britton indicated that "due on sale" clauses would be enforceable if the lender's enforcement of such a clause was based on a legitimate business purpose; however, the purpose of forcing an acceptance of an increased interest rate from persons attempting to assume mortgages was held not to be a valid business purpose. Hence, "due on sale" clauses would not be enforceable in such situations; in essence, that mortgagees could not enforce "due on sale" clauses, if the motive was to obtain an increased interest rate from a buyer, unless the clause had been expressly and separately bargained for.
We find the holding in Britton in error. Clearly the holding in Britton is not the majority rule in the United States. See generally Annotation, Acceleration Clause — Transfer of Property, 69 A.L.R.3d 713 (1976). We do, however, recognize that some courts have decided cases as Britton was decided. See, e.g. Mutual Federal Savings Loan Association v.Wisconsin Wire Works, 58 Wis.2d 99, 205 N.W.2d 762 (1973). See also 69 A.L.R.3d 713, § 13 (c). We further recognize that "due on sale" clauses are not enforceable in every situation since mortgage foreclosure is generally an equitable matter; thus a court of equity might refuse to foreclose a mortgage when an acceleration of the due date for payment of the note secured by it would render the acceleration unconscionable, and the result would be inequitable and unjust.
We cannot, however, agree that the desire of a lender to terminate loans upon transfers, due to rising interest rates, is not a valid business purpose, thus rendering a *Page 488 
"due on sale" clause unconscionable and unenforceable when such desire is the primary purpose for acceleration. With the tremendous rise in interest rates, lenders are forced to try to obtain higher interest rates because they are forced to pay higher interest in order to obtain funds for lending. We find the Tennessee Supreme Court concisely summarizing the rationale behind our holding in Gunther v. White, 489 S.W.2d 529 (Tenn. 1973):
 "Finally analyzed, the situation here is simply that appellants can sell their property at a higher price if they can sell it at the lower interest rate. The appellees under their contract have the right to insist upon the repayment of their loan in the event of sale, so that they can relend the money at an increased interest rate, and so maintain their supply of lending money, at the level of their present cost of such money. In this situation, equity should not depart from the law which requires it to enforce valid contracts and strike down the acceleration option simply because its exercise will let the appellees, not the appellants, make the profit on the interest rate occasioned by the increased cost of money." 489 S.W.2d at 532.
In this case there was no evidence it would be unconscionable for Tierce to foreclose on the mortgage which APS had freely executed. In fact, APS's own attorney prepared the mortgage instrument. It is clear that the trial court's decree is erroneous as a matter of law, therefore, must be reversed.
For the reasons assigned, the judgment is due to be, and is hereby, reversed and remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH and ALMON, JJ., concur.
FAULKNER, J., concurs specially.