A majority of this Court has denied application for rehearing in this case. I originally voted with the majority to reverse and remand the decision of the Tuscaloosa Circuit Court permanently enjoining Tierce from foreclosing on the mortgage in question for the reason of the conveyance to Campus Apartments. I concurred with the original majority opinion because I agreed with the holding that the "due on sale" clause is not per se invalid. I am still committed to that proposition of law. Both parties filed excellent briefs on application for rehearing and upon further study and reflection, I am now convinced that rehearing should be granted.
The traditional and customary purpose of the "due on sale" clause has been to protect against impairment of the lender's security. The trial court specifically held that Tierce had adequate security and that the conveyance from APS Company to Campus Apartments Company did not endanger the security. The trial court further specifically held that the defendant's purpose in threatening to exercise the option of accelerated payment by foreclosure was to force an acceptance of an increase in the interest rate. A majority of this Court has rewritten the agreement between the parties in the instant case and the meaning of the "due on sale" clause in many other existing agreements so that that clause may legally be used for the hidden purpose, not within the contemplation of the parties when they signed the agreement, of allowing the mortgagee upon default to condition his acceptance of a transferee of the mortgagor, upon the transferee's agreement to pay a higher rate of interest than the interest agreed to in the contract. I would hold that the parties may, if they so desire, contract that the "due on sale" clause may be used as a device by the mortgagee to obtain a higher *Page 489 
rate of interest upon the mortgagor's transfer of his property. The contract in the instant case provides: "Upon such default [sale or encumbrance] mortgagee may at his option declare all obligations secured hereby immediately due and payable." The contract does not provide that the mortgagee may at his option upon such default (i.e., sale of the property) condition his acceptance of the transferee upon the transferee's agreement to pay a higher rate of interest than the interest originally agreed to. A majority of this Court would allow one party to a contract to unilaterally change the provisions of that contract, or at least give new meanings to old terms with well settled meanings. I would honor the party's right to contract and give effect to their agreement as it appears in the contract.
In the order permanently enjoining Memnon Tierce, II, from foreclosing on the APS mortgage because of the conveyance from APS to Campus Apartments, the trial court made the following findings of fact:
 1. That the mortgage from APS Company to the Defendant, Memnon Tierce, II, did contain a due-on-sale clause, but that the said due-on-sale clause was not openly stated and bargained for from the inception of the mortgage.
 2. . . . [T]here has been no waste of the property; and that the Defendant, Memnon Tierce, II, has adequate security and is adequately protected as to the indebtedness due him secured by the mortgage, and the Court finds that the conveyance did not endanger the security or increase the Defendant's anticipated risk.
. . . . .
 4. That the Defendant's purpose in threatening to exercise the option of accelerating payment by foreclosure was to force an acceptance of an increase of the interest rate for the remainder of the term and as a means to advance the financial interest of the Defendant, and the Court is of the opinion that the threat of acceleration was not due to an increase of the risk to the Defendant or jeopardy to Defendant's security. [Emphasis added.]
The holding of the trial court, ore tenus, as to those findings of fact should not be reversed unless plainly erroneous. Baptist Foundation of Alabama v. Penn, 295 Ala. 122,324 So.2d 766 (1976). The findings are supported by the evidence, and are not palpably erroneous. When the findings of fact are applied to the only pronouncement of the appellate courts of this state[1] (First Southern Federal Savings and LoanAssociation of Mobile v. Britton, 345 So.2d 300 (Ala.Civ.App. 1977)) on the narrow issue presented, the conclusion that the trial court must be affirmed is inescapable.
The question dispositive of this case is: Whether a "due-on-sale" clause may be used by a mortgagee to force a higher rate of interest on the transferee of the mortgagor by threatening foreclosure, where such use was not stated in the contract, where the clause was not openly bargained for, and where the conveyance did not endanger the mortgagee's security. I would answer that question in the negative and hold that the "due-on-sale" clause gives the mortgagee the right to approve or reject the assumption but not the right to condition approval of the assumption only at a greater rate of interest unless the contract specifically provides otherwise. The "due-on-sale" clauses have traditionally been used as a device to protect against impairment of the mortgagee's security, not as a device to insure that the contract interest rate keeps up with spiralling inflation.[2]
The basic unfairness which results from sanctioning the use of a "due-on-sale" *Page 490 
clause to accomplish the hidden purpose of raising interest rates is set forth with simplicity and clarity in a student comment in the Arkansas Law Review:
 No doubt an argument can be made that a risk from which the lender should be protected is rising interest rates. The point is, however, that history and custom indicate that consent has never been denied unless the transferee or purchaser was a bad credit risk or a change in the possessory interest would endanger the security interest. Moreover, public policy has heretofore always preferred the free alienability of property over that of the freedom of contract.
 In circumspection, therefore, the enforcement of "due-on-sale" clauses should correspond with the expectations of the parties at the execution of the agreement. If the lender wants to extend control over the property so that the lending rate can be renegotiated, a clear statement of such intent should be evident. Otherwise, lenders should be held to traditional notions of what circumstances justify denial of consent, namely possession or assumption which jeopardizes the lender's security interest.
[Footnotes omitted.]
Note, "Mortgages — A Catalogue and Critique on the Role of Equity in the Enforcement of Modern Day `Due-on-Sale' Clauses," 26 Ark.L.Rev. 485 (1973) (emphasis added).
I recognize that the courts of other jurisdictions are split on this issue[3] but I believe the best analysis of this problem is contained in the well-reasoned opinion of our own Court of Civil Appeals in First Southern Federal Savings and LoanAssociation of Mobile v. Britton, 345 So.2d 300 (Ala.Civ.App. 1977):
 The purpose of the clause is to insure that the party originally bargained with and upon whose economic and financial situation and reputation money was loaned, credit extended and risk of repayment assumed, will remain as owner and in possession of the security.
There can be no question but that the risk of waste, failure of maintenance and resultant deterioration in the property may be greatly increased by sale to one of whom the mortgagee knows nothing. The lending of money is a personal matter between lender and borrower. It cannot be said that the conditioning of the continuation of the relationship upon the retention of the ownership of the property standing as security for the debt is unreasonable or inequitable.
 However, in this case, it is openly stated that the purpose of threatening to exercise the option of accelerating payment was to force an acceptance of an increase of the rate of interest for the remainder of the term of the mortgage. There is no indication that acceleration was due to the increase of risk or jeopardy to the security. The purpose of the clause was not being served by the threatened acceleration but the unrelated financial interest of the lender was the reason for the acceleration.
 The terms of the clause give no indication that an interest of the mortgagee other than the protection of its security is to provide the reason for exercising the option to accelerate. We do not consider the right to exercise the option to be an arbitrary one. Such right is dependent upon the sale producing a threat to a legitimate interest of the mortgagee sought to be protected by the clause. Such legitimate interests are the protection and preserving of the security from waste and depreciation and the guarding against the moral risks or the reasonable possibility of having to resort to the security after default. [Citation omitted.]
 We do not say that the mortgagee may not specifically contract for the option to accelerate in the event of sale unless the purchaser agrees to payment of increased interest up to the current rate at time of assumption of the unpaid mortgage balance. We do hold that such purpose may not be hidden behind a clause which is assumed to only provide protection for *Page 491 the security. If the clause is to be used to advance the financial interest of the lender through requirement of payment of a penalty or an increase in interest rate, such purpose must be openly stated and bargained for from the inception of the contract. If the condition for the approval of a sale may be hidden and be other than for the protection of the historical interest of the mortgagee, the mortgagor will be at the mercy of the mortgagee. It is therefore the opinion of this court that under the stipulation before the trial court, appellant had no justification for refusing consent to the transfer. The due-on-sale clause appearing in this mortgage may not be used as an instrument to require an increase in interest rate nor for collecting a penalty in order to prevent acceleration and foreclosure. We consider this holding not to be contrary to the decision of the Supreme Court in Tidwell v. Wittmeier, supra.
First Southern Federal Savings and Loan Association of Mobilev. Britton, 345 So.2d 300, 303-304 (Ala.Civ.App. 1977) (emphasis added).
In the instant case the trial court held: (1) The foreclosure based on the "due-on-sale" clause was not necessary to protect the lender's security because the conveyance did not impair the lender's security, and (2) the hidden purpose of the lender in using the "due-on-sale" clause to effectuate a foreclosure was to obtain a higher rate of interest. I would hold that the "due-on-sale" clause may be used only in accord with the parties' expectations for the purpose traditionally, historically, and customarily ascribed to that clause, i.e., protection against impairment of the lender's security. If the parties wish to condition the mortgagor's right to transfer his property on acceptance of a higher rate of interest to be paid to the mortgagee, they should so provide, explicitly, in the contract.
MADDOX and SHORES, JJ., concur.
[1] It is true that this Court held "due-on-sale" clauses enforceable, Tidwell v. Wittmeier, 150 Ala. 253, 43 So. 782
(1907), but that case did not hold that such clauses may be used to force on the transferee of the mortgagor a higher rate of interest than that agreed upon by the parties to the contract.
[2] First Southern Federal Savings and Loan Association of Mobilev. Britton, 345 So.2d 300 (Ala.Civ.App. 1977); Annot., 69 A.L.R.3rd 713 at 728 (1976).
[3] See cases cited in exhaustive Annot., 69 A.L.R.3rd 713 (1976).