415 So.2d 592 (1982)
LOUISIANA SAVINGS ASSOCIATION, Plaintiff & Appellee,
v.
Gregory D. TRAHAN, et al., Defendants & Appellants.
No. 8793.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1982.
L. Daniel Bishop, Jr., DeQuincy, for defendant-appellant.
C. Thomas Tolbert, Sulphur, Caskey & Pizzolatto, Nick Pizzolatto, Jr., Lake Charles, for defendant-appellee-appellant.
Leithead, Scott, Boudreau, Myrick & Richard, Randall E. Roach, Lake Charles, Sanders, Downing, Jean & Cazedessus, R. Gordon Kean, Jr., Baton Rouge, for plaintiff-appellee.
Before CULPEPPER, FORET and DOUCET, JJ.
CULPEPPER, Judge.
This case involves the so-called "due-on-sale" clause in a savings and loan association *593 mortgage. The district judge upheld enforcement of the clause and ordered seizure and sale of the property to satisfy plaintiff's mortgage. Defendants appealed. We affirm.
The issues are: (1) Are the clause and LSA-R.S. 6:837 A, its statutory authority, unconstitutional? (2) Is the plaintiff association estopped from enforcing the clause in the present case by its prior practice of consenting to sales and assumptions? (3) Does defendants' failure to read or plaintiff's failure to explain the "due-on-sale" clause prevent enforcement? (4) Is the clause odious or against public policy?

FACTS
The facts are that on July 18, 1974 the defendants, Gregory Duane Trahan and his wife, Bobbie Lee Trahan, purchased a home which they financed by a mortgage to Calcasieu Savings & Loan Association, now Louisiana Savings Association. The mortgage and promissory note which it secures are in the sum of $22,800 payable in 300 equal consecutive monthly installments of $183.47, bearing interest at the rate of 9% per annum. The pertinent provisions of the mortgage are as follows:
"8. The mortgagor further agrees and binds himself to the following:
* * * * * *
D. Not to sell or transfer the said property without the written consent of the Association, and then only if the transferee shall specifically assume by authentic act all of the obligations of the mortgagor herein, including the mortgage herein granted.
* * * * * *
"13. In the event the mortgagor should violate any of the conditions imposed upon him under this act ... the Association, may at its option and without notice, demand, or putting in default, at once declare all of the mortgagor's obligations hereunder and the mortgage note immediately due and exigible; ...."
It was stipulated that the Trahans did not read the above quoted provisions of the mortgage, and that there was no discussion between the Trahans and plaintiff Association concerning the clause in question at the time the mortgage was executed.
In September of 1980, the Trahans agreed to sell the property to Mrs. Edna Mills Willrich, under an agreement whereby Mrs. Willrich would assume the mortgage. The notary who was preparing the sale and assumption contacted the plaintiff to inquire as to the procedure. The notary was advised by the plaintiff that it could not permit assumption of the mortgage. Nevertheless, on September 26, 1980 the Trahans sold the property to Mrs. Willrich by an act entitled "Sale With Assumption," under the terms of which Mrs. Willrich assumed the mortgage payments.
Plaintiff has refused to accept any payments by Mrs. Willrich on the loan. Instead, it filed the present suit accelerating the installments, praying for the balance due on the note and mortgage in the sum of $21,569.91, asking that its vendor's lien and mortgage be recognized, and that the property be seized and sold according to law.

CONSTITUTIONAL ISSUE
LSA-R.S. 6.837 A reads as follows:
"§ 837. Conveyance of property securing loan
A. Whenever property is subject to a vendor's privilege or mortgage in favor of an association and, without the written consent of the latter, the property is sold or transferred, by contract, either with or without the assumption of the association loan, the loan and obligation held by the association shall at the option of the association immediately mature and become at once subject to enforcement according to law and to the terms of the loan contract. In all such cases where the loan was assumed by the purchaser even without the consent of the association, the purchaser will be and remain liable in solido with the original borrower on the loan.
We find only two Louisiana appellate cases which have considered the "due-on-sale" *594 clause in a savings and loan association mortgage.[1] In Taliancich v. Union Savings & Loan Association, 142 So.2d 626 (La.App. 4th Cir. 1962), the Association had sold a home to a veteran using a mortgage and vendor's lien containing the usual "due-on-sale" clause. The loan was guaranteed by the Veterans Administration, which had a regulation that conveyance of the property by the veteran would not accelerate maturity of the mortgage. The veteran sold the property to the plaintiff, Taliancich, under a sale and assumption. Later the plaintiff agreed to sell the property to Gauthier, using another sale and assumption. The defendant Association refused to consent to the sale and assumption by plaintiff to Gauthier. Taliancich sued the Association for damages for breach of contract. The court held that the Veterans Administration regulation applied only to the veteran and not to the veteran's transferees who assumed the mortgage. Moreover, the court held the Association's refusal to consent to the sale and assumption by plaintiff to Gauthier was a "valid exercise of its contractual and statutory right."
In the recent case of Rayford v. Louisiana Savings Association, 380 So.2d 1232 (La.App. 3rd Cir. 1980), the court held the "due-on-sale" clause in the mortgage and LSA-R.S. 6:837 A were inapplicable to the sale between co-owners/co-mortgagors. The court stated that the statute and the clause in question clearly contemplate a sale to someone who was not an original borrower. The opinion expressly does not rule on the applicability of the statute or the clause in question to a third party.
Apparently, the present case is the first to reach the Louisiana Courts of Appeal attacking the constitutionality of LSA-R.S. 6:837 A and the "due-on-sale" clause. Plaintiffs argue the statute violates Louisiana Constitution of 1974, Article 1, Section 3 which provides in pertinent part that: "No person shall be denied the equal protection of the laws." It is argued by plaintiffs that the statute in question is special interest legislation designed and implemented for the sole benefit of savings and loan associations. Plaintiffs also argue the statute violates the Fourteenth Amendment to the United States Constitution which requires uniform treatment of all persons standing in the same relation to government action questioned or challenged. The argument is that the statute operates to the disadvantage of defendants and all persons in the same class.
The Association contends the statute and the "due-on-sale" clause which it authorizes are constitutional, and that to hold it unconstitutional would unconstitutionally impair the obligations of contracts.
The Association introduced the testimony of its officers to explain the reasons for the "due-on-sale" clause. This testimony is to the effect that because of the sharp increase in interest rates in recent months the "due-on-sale" clause has become a major concern to savings and loan associations. Prior to this sharp increase in interest rates, lendors did not always know or care whether loans were assumed, because interest rates fluctuated gradually. However, in recent years the continued inflation in our economy has created an imbalance between loan demand and money supply, which has dramatically increased interest rates in all money markets. This has in turn increased the cost of money borrowed by savings and loan associations far above the interest rates on their old loans. The plaintiff's officials testified it presently has approximately 290 million dollars on loan to borrowers, and that most of these loans were made at rates of 10% or less. At the time the Trahans secured their loan, the average interest rate paid by the Association to its depositors was 6.25%. In order to generate a reasonable profit at that time, the Association charged to the Trahans an interest rate of 9%. However, by September 30, 1980, the date of the sale and assumption by the Trahans to Mrs. Willrich, the Association was paying an average of 8.6% to its depositors and other lenders. During the *595 six years, 1974 to 1980, its profit margin on a 9% loan decreased from 2.75% to .54%. The officials stated this loan experience is typical of the decrease in the profit margin of its entire loan portfolio.
As a result of this situation, the Association has had to start enforcing the "due-on-sale" clause in its mortgages. If, as a result of this enforcement, a loan is paid in full, the Association can lend this money or invest it at a rate which reflects the current cost of money. The Association argues these facts make it clear that the contractual and statutory "due-on-sale" clause questioned in this case are reasonable and relevant to valid and desirable state purposes, and are constitutional.
In answer to the argument that "due-on-sale" clauses constitute an unreasonable restraint on the alienation of property, the Association points out that the clause does not prevent the Trahans from selling their property to whomever they may desire, so long as the Association does not have to continue the loan to an owner with whom it did not originally contract. The Association argues the "due-on-sale" clause is no more restrictive on the alienation of property than building restrictions, the validity of which has been upheld. Queensborough Land Company v. Cazeaux, 136 La. 724, 67 So. 641 (La.1915).
The Association cites many cases from other jurisdictions rejecting the argument that "due-on-sale" clauses are unconstitutional or constitute an unreasonable restraint on alienation of property. For instance, in Malouff v. Midland Federal Savings & Loan Association, 181 Colo. 294, 509 P.2d 1240 (1973), the Colorado Supreme Court gave the following reasons for upholding the validity of a "due-on-sale" clause:
"We do not consider the motive of Midland in seeking to protect itself and the borrower from the effects of inflationary or deflationary conditions in the money market to be improper or unlawful. Both parties have the benefit of their original bargain during their continued creditor-debtor relationship. However, when the property is sold to a purchaser who desires to assume the existing loan, economic consideration may reasonably justify the lender in raising the interest rate to or approaching one equal to the current market rate. We view the condition imposed for the non-exercise of the acceleration clause under such circumstances to be a reasonable protection of a justifiable interest and the operative affect of the clause does not therefore constitute an invalid restraint on alienation." (Emphasis added).
See also Baker v. Loves Park Savings and Loan Association, 61 Ill.2d 119, 333 N.E.2d 1 (1975); Gunther v. White, 489 S.W.2d 529 (Tenn.1973); Mutual Federal Savings & Loan Association v. American Medical Service, Inc., 66 Wis. 210, 223 N.W.2d 921 (1974); Mutual Federal Savings and Loan Association v. Wisconsin Wire Works, 58 Wis.2d 99, 205 N.W.2d 762 (1973); Tierce v. APS Co. and Campus Apartments Co., 382 So.2d 485 (Ala.1980); Tidwell v. Whittmeier, 150 Ala. 253, 43 So. 782 (1907); First Southern Federal Savings & Loan Association of Mobile v. Britton, 345 So.2d 300 (Ala.Civ.App.1977); Occidental Savings & Loan Assn. v. Venco Partnership, 206 Neb. 469, 293 N.W.2d 843 (Neb.1980); Mutual Fed. Sav. & Loan Assn. v. Wisconsin Wire Works, 71 Wis.2d 531, 239 N.W.2d 20 (1976); People's Savings Assn. v. Standard Ind. Corp., Inc., 22 Ohio App.2d 35, 257 N.E.2d 406 (1970); Stith v. Hudson City Savings Institution, 63 Misc.2d 863, 313 N.Y.S.2d 804 (Sup.Ct.1970); Century Federal Savings & Loan Assn. v. Van Glahn, 144 N.J.Super. 48, 364 A.2d 558 (1976); Crockett v. First Federal Savings & Loan Assn., 289 N.C. 620, 224 S.E.2d 580 (1976); First Commercial Title, Inc., v. Holmes, 92 Nev. 363, 550 P.2d 1271 (1976); Mutual Real Estate Investment Trust v. Buffalo Savings Bank, 90 Misc.2d 675, 395 N.Y.S.2d 583 (1977); Miller v. Pacific First Federal Savings & Loan Assn., 86 Wash.2d 401, 545 P.2d 546 (1976).
We conclude that neither the statute nor the "due-on-sale" clause which it authorizes *596 for savings and loan associations unconstitutionally deprives the defendants of due process of law or equal protection of the law of this State or of the United States.

ASSOCIATION'S PRIOR CONSENT TO ASSUMPTIONS
Defendants contend the Association's prior practice of permitting sale and assumptions constitutes a "custom" within the contemplation of LSA-C.C. Article 3 and therefore prevents the enforcement of the "due-on-sale" clause in this mortgage. Jurisprudence construing Civil Code Article 3 has established the rule that neither "custom" nor "usage" nor "practice" may prevent the enforcement of an express statutory provision. Clement v. South Atlantic SS Line, 128 La. 399, 54 So. 920 (1911); Wray-Dickinson Company v. Commercial Credit Company, 192 So. 769 (La.App. 2d Cir. 1940). In the present case, we have an express statute and an express contractual provision. Clearly, neither custom, usage nor practice can prevent the enforcement of the statute or the contract which it authorizes.

FAILURE OF DEFENDANTS TO READ AND EXPLAIN DUE-ON-SALE CLAUSE
The defendants argue they did not read the "due-on-sale" clause, that plaintiff did not explain it, and thus they were not aware of it. Jurisprudence has established the rule that a party may not avoid the provisions of a contract which he signs but fails to read or have explained to him. Watson v. The Planters Bank of Tennessee, 22 La.Ann. 14 (1870); Lama v. Manale, 218 La. 511, 50 So.2d 15 (1950); Leny v. Friedman, 372 So.2d 721 (La.App. 4th Cir. 1979).

DUE-ON-SALE CLAUSE NOT AGAINST PUBLIC POLICY
The Trahans argue that LSA-R.S. 6:837 A and the "due-on-sale" clause which it authorizes are "odious" and against public policy. LSA-C.C. Article 20. For essentially the same reasons stated above in upholding the constitutionality of the statute and the contract, we conclude they are not void as being odious or against public policy.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants-appellants.
AFFIRMED.
NOTES
[1] The recent case of Wood v. LaFleur, 408 So.2d 37 (La.App. 3rd Cir. 1981) involved a due-on-sale clause in a mortgage to an individual, and the clause was upheld.