TORBERT, Chief Justice
(dissenting).
I dissent based upon my views expressed in my dissent to the overruling of the application for rehearing in Tierce v. APS Co., 382 So.2d 485 (Ala.1980), and my special concurrence in Powell v. Phenix Federal Savings & Loan Ass’n, 434 So.2d 247 (Ala.1983).
*968 In Powell, supra, the circumstance surrounding the execution of the note and mortgage were set forth:
“When Mr. and Mrs. Powell signed the note and mortgage, they were not represented by an attorney and did not read the documents. In reference to the mortgage, Mr. Powell later testified, Tf I had read it, I wouldn’t have understood it.’ The note, unlike the mortgage, contained a prepayment penalty clause. The Powells testified without contradiction that an employee of Phenix Federal explained that they could not pay off the loan during the first year but did not explain the consequences of selling the property under the mortgage.”
Id. at 248. The trial court, in its order on remand, found that “[t]he Powells knew or had the opportunity to know the contents of the original mortgage to Phenix Federal and to inquire about the terms of the mortgage before they signed it.”
In Tierce, supra, I agreed with the following statement in First Southern Federal Savings & Loan Ass’n of Mobile v. Britton, 345 So.2d 300 (Ala.Civ.App.1977):
“If the clause is to be used to advance the financial interest of the lender through requirement of payment of a penalty or an increase in interest rate, such purpose must be openly stated and bargained for from the inception of the contract.”
In Lloyd v. Service Corp. of Alabama, 453 So.2d 735 (Ala.1984), we held that in order for a lessor to show that an exculpatory clause in a residential lease had been “bargained for,” the lessor “had the burden of showing that the provisions were explained to the lessee and came to his knowledge and that there was in fact a real and voluntary meeting of the minds and not merely an objective meeting.” Id. at 741. I would apply the same standard in this case.
Under that standard, the due-on-sale clause could not be enforced under the facts of this case.
FAULKNER, J., concurs.