SAMUEL, Judge.
Plaintiff prosecutes this appeal from a judgment maintaining exceptions of no right or cause of action and dismissing his suit.
The pertinent allegations of the original and supplemental petitions are: Defendant had sold certain real estate in the City of New Orleans to one Charles T. Dick and held the latter’s note, secured by the usual homestead mortgage and vendor’s lien on the property, for the credit portion of the purchase price. Payment of the loan was guaranteed by the Veterans’ Administration under The Servicemen’s Readjustment Act of 1944 (38 U.S.C. § 693 [1]). On November 5, 1956, plaintiff purchased the property from Dick and assumed payment of the latter’s note held by the defendant. On September 2, 1959, plaintiff entered into a written contract to sell the property to one Wallace Gauthier for a consideration of $23,000.00, consisting of $7,800.00 in cash and the assumption by Gauthier of the balance due under the aforesaid obligation to the defendant. In spite of Gauthier’s “high income”, excellent credit record and excellent credit and personal references, “all communicated to defendant and all of such nature as to qualify (Gauthier) for the loan applied for beyond reasonable doubt”, defendant, through its president, informed-plaintiff and Gauthier that it “ * * * would refuse to permit the assumption of the subject loan by any person whatsoever, including Wallace J. Gauthier; that Wallace J. Gauthier would be eligible however, for a conventional loan at higher interest; that any attempt by any person to pass an act of sale and assumption of the existing loan would result in immediate foreclosure on the mortgage securing said loan; * * ”
The original petition incorporates the following regulations which plaintiff alleges were promulgated by the Veterans’ Administration and were in effect on the date of defendant’s sale and loan to Dick and on the date of plaintiff’s purchase and assumption of said loan:
“a. The conveyance of, or other transfer of title to property by operation of law or otherwise, after the creation of a lien thereon to secure a loan which is guaranteed or insured in whole or in part by the Admin is- *628 trator, shall not constitute an event of default, or acceleration of maturity, elective or otherwise, and shall not of itself terminate or otherwise affect the guaranty or insurance.” 38 CFR 36.4308
“Regulations issued under the act, and in effect on the date of any loan which is submitted and accepted or approved for a guaranty or for insurance thereunder, shall govern the rights, duties and liabilities of the parties to such loan and any provisions of the loan instruments inconsistent with such regulations are hereby amended and supplemented to' conform thereto.” 38 CFR 36.4334
Plaintiff seeks damages for various items totaling $10,515.00 for breach of contract or, alternatively, in tort.
The property was purchased by Dick for the purpose of occupancy by him as a home. His act of sale and mortgage from the defendant contained a provision under which he contracted not to sell or transfer the property to any purchaser who would assume payment of the note, or attempt to accept the property subject to the vendor’s lien and mortgage, without the written consent of the vendor, failure to obtain such consent to constitute a default and acceleration at the option of the homestead. The act by which plaintiff acquired the property' from Dick declared that plaintiff assumed all of the obligations of his vendor under the latter’s act of acquisition from the homestead and bound plaintiff to comply with all the terms and provisions of that act. Also pertinent is the statute, LSA-R.S. 6:770, which in part provides:
“Whenever property is subject to a vendor’s privilege or mortgage in favor of a building and loan association and, without the written consent of the latter, the property is sold or transferred, by contract, either with or without the assumption of the building and loan association loan, the loan and obligation held by the association shall at the option of the association immediately mature and become at once subject to enforcement according to law and to the terms of the loan contract. * * * ”
Plaintiff contends that the quoted administrative regulations supersede contractual provisions and state law in conflict therewith and thus modify and control the contract between Dick and the defendant; that, despite the contract and the statute, under those regulations defendant had no right to object, or refuse to give its consent, to a conveyance of the property by Dick to a properly qualified person or to an assumption of the loan by such a person, the same not constituting “an event of default, or acceleration of maturity, elective or otherwise” under regulation 36.4308 ; and that defendant is also without such right to object, or refuse to consent, to plaintiff’s proposed conveyance to, and assumption by, Gauthier, nor can there be any default or acceleration of maturity resulting therefrom, for the reason that plaintiff, as Dick’s assignee and successor, is fully subrogated to all the latter’s rights, including the one now being considered, under the contracts as amended and supplemented by the regulations.
The contention is not without merit insofar as it applies to Dick, the veteran and original purchaser. See United States v. Shimer, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908. But we are of the opinion that the contention is incorrect insofar as it applies to the plaintiff.
Plaintiff’s only relief from the statutory and contractual provisions, both of which prevent a transfer without defendant’s consent under penalty of default and acceleration, are the regulations upon which he relies. The second of these two regulations, 36.4334, controls the applicability of the first, 36.4308, for the former provides when, and as to whom, the regulations shall apply.
When they apply is covered in the first portion of 36.4334, which reads (emphasis *629 ours) : "Regulations issued under the act, and in effect on the date of any loan which is submitted and accepted or approved for a guaranty or for insurance thereunder, * * To whom they apply is covered by that portion of the regulation immediately following, which reads (emphasis ours) : “ * * * thereunder, shall govern the rights, duties and liabilities of the parties to such loan * * * ” The words “parties to such loan” can only refer to the only previous use of the word “loan” in the regulation and that “loan” is restricted and modified by the phrase which follows it, i. e., “ * * * of any loan which is submitted and accepted or approved for a guaranty or for instirance there%mder, * * *»
Thus these regulations, including 36.4308, apply only to the parties to a loan submitted to, and accepted or approved by, the Veterans’ Administration for a guaranty or for insurance. Plaintiff is not a party to such a loan; his only contractual connection herein was his act of purchase and assumption from Dick and that act did not involve a loan accepted or approved by the Veterans’ Administration, or for that matter any other kind of loan, nor was defendant a party to that act. Here there has been only one loan and that is the one made by the defendant to plaintiff’s vendor, Dick, to whom the right now sought to be enforced was personal and not subject to assignment or subrogation.
In addition to being clear to us solely on the basis of the wording of Regulation 36.4334, this interpretation satisfies the purpose of the act. That purpose was to provide for home, farm and business loans for certain qualified veterans of World War II and the Korean conflict. The provisions relative to a home loan, the type with which we are here concerned, require (§ 1804) that the veteran must occupy or intend to occupy the property as his home, i. e., actually live in the property personally as his residence or actually intend, upon completion of the loan and acquisition of the dwelling unit, to move into the property as his residence. This and other provisions made it obvious that the purpose was to give the veteran the opportunity of acquiring a home for his own use. We find nothing in the act indicating or suggesting that the purpose included any intent to extend to the veteran any' investment, speculative or business advantage in connection with his acquisition of a home.
We conclude that defendant’s denial of consent, as well as its statement that foreclosure proceedings would be instituted in the event of an attempt to pass an act of sale and assumption without such consent, was a valid exercise of its contractual and statutory right. The defendant having done only what it had a right to do, it cannot be held liable either in contract or in tort. The exception of no cause of action was properly maintained.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Now 38 U.S.C.A. § 5012(b).