MARVIN, Judge.
In these consolidated actions, the association appeals a judgment which preliminarily enjoined its foreclosure by executory process of a mortgage it held on residential property that was originally owned by Bech-tol and is now owned by Smith.
The mortgage held by the association did not contain a “due on sale” provision accel *634 erating maturity of the mortgage obligation in the event of a sale of the secured property without the written consent of the association. See Louisiana Savings Association v. Trahan, 415 So.2d 592 (La.App. 3d Cir. 1982). Taliancich v. Union Savings and Loan Association, 142 So.2d 626 (La.App. 4th Cir. 1962).
In nine contentions of error in this appeal, the association instead relies on LRS 6:837 which is sometimes referred to as a statutory due on sale provision. This statute was enacted as a part of Act 95 of 1940. This act generally clothed federal savings and loan associations with similar powers and authority as was given state savings and loan associations by Act 140 of 1932. Compare former § 837 and § 770 of Title 6 before Act 234 of 1970.
The 1970 act amended § 837 by essentially reenacting its original provision as Part A and by adding additional provisions as Part B. LRS 6:837 now reads as follows:
“A. Whenever property is subject to a vendor’s privilege or mortgage in favor of an association and, without the written consent of the latter, the property is sold or transferred, by contract, either with or without the assumption of the association loan, the loan and obligation held by the association shall at the option of the association immediately mature and become at once subject to enforcement according to law and to the terms of the loan contract. In all such cases where the loan was assumed by the purchaser even without the consent of the association, the purchaser will be and remain liable in solido with the original borrower on the loan.
“B. In the event the ownership of the real estate security or any part thereof becomes vested in a person other than the party or parties originally executing the security instrument, and provided that there is not an agreement in writing to the contrary, an association may, without notice to such party or parties, deal with such successor or successors in interest with reference to said mortgage and vendor’s privilege, and the debt hereby secured in the same manner as with such party or parties, and may forbear to sue and may extend time for payment of or otherwise modify the terms of the debt secured thereby, without discharging or any way effecting the original liability of such party or parties thereunder or upon the debt thereby secured.” [1]
Executory process, as opposed to ordinary process, is defined in CCP 2631 as an execu-tory proceeding to effect the seizure and sale of property, without previous citation and judgment, which may be used to enforce a mortgage or privilege evidenced by an authentic act importing a confession of judgment, and in other cases allowed by law.
CCP 2632 states “when” and “if” the act imports a confession of judgment.
“An act evidencing a mortgage or privilege imports a confession of judgment when the obligor therein acknowledges the obligation secured thereby, whether then existing or to arise thereafter, and confesses judgment thereon if the obligation is not paid at maturity.”
In the vendor’s lien-mortgage in question, Bechtol, the purchaser-mortgagor, generally obligated himself “to secure the payment of said promissory note, or obligation, according to its tenor and the provisions herein contained ... hereby confessing judgment . . . for the full amount of said promissory note or obligation ...” The conventional pact de non alienando in the instrument also contains the phrase “confession of judgment”.
*635 “The vendor retains his vendor’s lien and privilege as security for all of the Purchaser’s obligations hereinunder, and the said Purchaser hereby binds and obligates himself not to sell, alienate, or encumber the said property to the prejudice of this mortgage, which imports confession of judgment and waives benefit of appraisement.”
The instrument then recites in numbered paragraphs 10 specific areas of obligations accepted by the purchaser, Bechtol. These refer to obligations (1) to keep the property insured, (2) to make the mortgage subject to additional advances of money that might be made by the association for several things, including taxes and insurance premiums, (3) to allow the association as his agent and attorney in fact to adjust and settle any loss by fire, windstorm or other cause covered by insurance,
“(4) That the recording of this deed and (until the payment in full of the mortgage indebtedness) the recordation of any subsequent deed to the mortgaged property shall make each such subsequent purchaser a member of the Association with the privileges and subject to the obligations incident thereto (such recor-dation of any subsequent deed also conveying to each such subsequent purchaser all escrow funds for taxes and insurance held by the Association), provided that each subsequent purchaser shall pay such transfer or assumption fee as may at the time be charged by the Association, and provided that nothing herein stipulated or which may be done by the Association hereafter shall in any manner affect or abridge the rights of the Association under the pact de non alienando herein-above stipulated.”
(5) to notify the association of an eminent domain action against the property, (6) to keep the property in good condition,
“(7) That the balance due by the Purchaser at any time hereunder shall be the face of the note together with the interest thereon, plus any amounts which may have been advanced by the holder of the note for taxes, insurance premiums, paving assessments, repairs, or for any other charge or expense whatsoever, minus such payments as shall have been made by the Purchaser.”
(8) to pay specified late charges if any of the monthly payments are not paid when due, (9) to allow the association to collect rent on the property in the event the purchaser defaults in any obligation hereunder and (10) to pay attorney fees if legal claim or proceedings are instituted for the recovery of any amount due.
These paragraphs follow the obligatory numbered paragraphs we have above summarized or quoted:
“The Association at its option may declare the entire indebtedness of the Purchaser to it to be due and exigible and may without notice or demand proceed to foreclose the mortgage hereinabove stipulated in its favor by executory process or otherwise upon the happening of any one of the following events:
“(a) . . . the Purchaser becoming three (3) months cumulatively in arrears . . .
“(b) . . . the recordation of any lien . . . against the property ... or ... a proceeding in bankruptcy affecting .. . the property . . .
“(c) . . . cancellation of any insurance covering the property ...
“(d) . . . the passage of a law . .. which will . .. cause the Association . .. to become liable for the payment of taxes
Other general provisions which we deem pertinent are those which follow the above provisions:
“[Njothing in this act shall be construed so as to limit any right or remedy granted to the Association under any provision of the law, either Federal or state.” “The word ‘Purchaser’ as used in this instrument includes ... any subsequent owner of the mortgaged property.”
As we view the entirety of the instrument and the note, there is no obligation on the purchaser not to sell the property without the written consent of the association, the confession of judgment (quoted above) is for the faithful performance of the obli *636 gations contained in the instrument and not elsewhere, maturity of the obligation may be declared by the association and the association may proceed to foreclose by executo-ry process upon the happening of the four conditions (a) through (d). In this sense, and construing the instrument fairly but strictly when weighed against the pronouncements of the law governing executo-ry process, we must find that this instrument confesses judgment for the full amount of the note (its balance at any given time) if the obligor fails to perforin any of the obligations contained in the instrument.
While the instrument declares that it shall not “limit” any right or remedy granted the association by law, there is simply nothing in the instrument itself that confesses judgment if the obligation is not paid when the note matures for any reason other than the failure of an obligation contained in the instrument. The instrument does not say that the obligor confesses judgment if the obligation is not paid when it matures for any reason imposed by law and we are not referred to any language in the instrument from which this can be otherwise reasonably inferred.
The remaining language in the instrument (this mortgage ... imports confession of judgment and waives benefit of ap-praisement) adds nothing to the language that precedes it (to secure the faithful performance of all the obligations contained herein . .. the Purchaser hereby confessing judgment . . . for the full amount of said promissory note or obligation ...). The remaining language does not confess judgment “if”, as the statute requires for a confession of judgment (I confess judgment if, I confess judgment in the event that, I confess judgment upon the occurrence of these conditions . . .)
CCP 2634 requires the petition for execu-tory process to comply with CCP 891 which in turn requires allegations of the material facts upon which, in this case, would be the facts that caused the obligation to mature. When the confession of judgment is couched in terms of “if I fail in any of my obligations hereunder, I confess judgment” and the petition or the evidence on the injunction shows that the obligor has not failed in any obligation expressed or reasonably contemplated by the instrument, the instrument does not meet the requirements of CCP 2632.
Executory process is authorized additionally “in other cases allowed by law.” CCP 2631. The association’s claimed authority under LRS 6:837 to declare maturity of the obligation, if the property is sold without written consent of the association, does not of itself authorize executory process. Former section 838, the only section of Act 95 of 1940 we find that mentioned executory process, mentions it only in the context of “foreclosure by executory process . . . and maturity [of the mortgage] by reason of the failure of the mortgagor ... to comply with the obligations imposed on him by the act of mortgage.”[2] By analogy, this former section of the law lends some support to the conclusion that the confession of judgment is effective if the obligation, the failure of which matures the note, “is imposed on him by the act of mortgage.”
Even should we agree arguendo with the association’s contention that the statutory due on sale provision “matures” the note (which issue we do not reach), the maturity of the note by reason of the statute is not an obligation, the failure of which, by the terms of the act of mortgage, would effectuate the confession of judgment so as to allow executory process.
The note that is paraphed for identification with the mortgage provides that
“If default be made in the payment of any installment . . . the entire principal *637 .. . and ... interest shall at once become ... payable without notice ...”
Yet the mortgage declares that the association may proceed to foreclose by executory process when the purchaser becomes three months cumulatively in arrears in the payment of the monthly installments provided in the note.
The judgment appealed is a judgment which preliminarily enjoins executory process by the association. At the cost of appellant, that judgment is AFFIRMED.

. Section 7 of Act 95 of 1940 which became LRS 6:837 read as follows:
“The sale or conveyance of property subject to a mortgage executed subsequent to twelve o’clock from August 1, 1948 in favor of a federal savings and loan association without its written consent at its option immediately matures the indebtedness of the mortgagor to it, and in all cases where the payment of the mortgage is assumed by the purchaser or transferee with or without the consent of the association, the purchaser is liable in solido with the original mortgagor for the full payment of the mortgage indebtedness.”

. “In the event of foreclosure by executory process of a mortgage in favor of a federal savings and loan association, the certificate of the secretary or assistant secretary or treasurer or assistant treasurer of the association as to the amount due on the mortgage and as to the maturity thereof by reason of the failure of the mortgagor or his assigns or successors to comply with the obligations imposed on him by the act of mortgage is authentic evidence of the facts recited in the certificate.”